# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00017-CV

**Texas Department of Public Safety, Appellant**

**v.**

**G. B. E., Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT**
**NO. 12-1053-C368, HONORABLE BURT CARNES, JUDGE PRESIDING**

## O P I N I O N

The Texas Department of Public Safety appeals an order of expunction in favor of G.B.E. related to his arrest for driving while intoxicated. The primary legal issue presented in this appeal is whether the current version of chapter 55 of the Texas Code of Criminal Procedure allows a petitioner to obtain an expunction of records related to a charge that is dismissed, when that dismissal is obtained in exchange for the petitioner's plea of guilty or no contest to a different charge arising out of the same arrest and for which he is ultimately convicted. *See* Tex. Code Crim. Proc. arts. 55.01-06 (expunction of criminal records). Because we hold that chapter 55 does not permit expunction in such circumstances, we will reverse en banc the trial court's order and render judgment denying the petition for expunction. *See* Tex. R. App. P. 41.2 (allowing appellate court to decide to consider case en banc).

## BACKGROUND

On August 25, 2000, G.B.E. was arrested and charged with the offense of driving while intoxicated (DWI). The charge was later dismissed and re-filed in a new cause number as a charge of reckless driving, a class B misdemeanor. G.B.E. pleaded no contest to the reckless driving charge as re-filed. The trial court found G.B.E. guilty of reckless driving, sentenced him to 10 days confinement, and assessed a fine of $200.

On July 18, 2012, G.B.E. filed a petition to expunge all records related to the DWI charge on the ground that the DWI charge had been dismissed. After a hearing on G.B.E.'s petition, and over the opposition of the Texas Department of Public Safety, the trial court granted the expunction. The Department then filed this appeal, challenging the trial court's order. In what is essentially one issue, the Department argues that G.B.E. failed to present sufficient evidence of one of the statutory requirements for expunction.

## STANDARD OF REVIEW

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion when its decision is (1) arbitrary, unreasonable, or without regard to guiding principles; or (2) without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). With regard to factual matters, we may not substitute our judgment for that of the trial court unless it is clear from the record that the trial court could reach only one decision. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). However, a trial

2

court has no discretion in determining what the law is; therefore, a failure by the trial court to correctly analyze or apply the law will also constitute an abuse of discretion. *Id.*

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller*, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal sufficiency complaint if the record reveals: (1) a complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite as a matter of law. *See id*. at 810.

The Department's issues on appeal implicate construction of the statute authorizing expunction. Statutory construction is a question of law that appellate courts review de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). When interpreting statutes, our primary focus is to give effect to the legislature's intent as expressed by the statutory language. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). We consider the statute as a whole, reading each word in context rather than in isolation, and unless a different definition is supplied by the legislature, we assume the words chosen have their plain and ordinary meaning. *See City of Rockwall*, 246 S.W.3d at 625-26. Where the statutory text is clear and unambiguous, it is determinative of legislative intent, unless enforcing the plain meaning of the statute's words would produce an absurd result. *Entergy Gulf States*, 282 S.W.3d at 437.

**ANALYSIS**

*Expunction under Article 55.01 of the Texas Code of Criminal Procedure*

The remedy of expunction allows a person who has been arrested for the commission of an offense to have all information about the arrest removed from the State's records if he meets the statutory requirements set out in chapter 55 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 55.01-06; *Texas Dep't of Public Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). Expunction is neither a constitutional nor a common-law right. *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 923 (Tex. App.—Austin 2011, no pet.) (citing *Ex parte S.C.*, 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 2009, no pet.)). Rather, a petitioner's right to expunction is purely a matter of statutory privilege, and the petitioner bears the burden of demonstrating that each of the required conditions has been met. *Nail*, 305 S.W.3d at 674; *Ex parte Wilson*, 224 S.W.3d 860, 862 (Tex. App.—Texarkana 2007, no pet.). The trial court has no power to extend equitable relief beyond the clear meaning of the expunction statute. *M.M.*, 354 S.W.3d at 923 (citing *Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).

Article 55.01(a) governs a petitioner's right to expunction and provides, in relevant part, as follows:

> (a)  A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .

4

(2)    the person has been released and *the charge, if any, has not resulted in a final conviction* and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a class C misdemeanor, provided that:

(A)    regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense . . .

(i)    has not been presented against the person at any time following the arrest . . .

. . . or

(ii)    if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program . . . [or] because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; *or*

(B)    prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. art. 55.01 (emphasis added).

To establish his entitlement to expunction based on dismissal under subarticle (a)(2), G.B.E. was required to first prove that (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure for the offense. *See id.* art. 55.01(a)(2). The Department does not dispute that G.B.E. has been released

5

or that there was no court-ordered supervision under article 42.12. Rather, the Department's sole contention on appeal is that the evidence is insufficient to support a finding that the charge "has not resulted in a final conviction."

*Whether "the charge, if any, has not resulted in a final conviction" under Article 55.01(a)(2)*

In support of its argument, the Department contends that the phrase "the charge, if any, has not resulted in a final conviction" under subarticle (a)(2) means that a petitioner must demonstrate that his *arrest* did not result in a final conviction. Under the Department's interpretation of subarticle (a)(2), if a petitioner's arrest leads to a final conviction, on any charge, then expunction of the arrest records is unavailable. According to the Department, G.B.E. has failed, as a matter of law, to demonstrate that this statutory condition has been satisfied because it is undisputed that G.B.E.'s arrest resulted in a final conviction for reckless driving.

In response to the Department's arguments on appeal, G.B.E. asserts that the undisputed evidence demonstrates that the DWI charge "has not resulted in a final conviction" because the DWI charge was dismissed. In support of this argument, G.B.E. asserts that the legislature has enacted a "charge-based" approach to expunction under the current version article 55.01, as opposed to an "arrest-based" approach. In other words, G.B.E. asserts that offenses are divisible for purposes of expunction under article 55.01, and a petitioner may expunge all records related to a specified charge, even if another charge resulting from the same arrest would not be eligible for expunction. Therefore, with regard to subarticle (a)(2) and the requirement that "the charge . . . did not result in a final conviction," G.B.E. reasons that expunction is available so long as the charge for which expunction is sought did not result in a final conviction for that particular charged offense.

6

In *Travis County District Attorney v. M.M.*, this Court, sitting en banc, considered this same charge-based argument under the former version of article 55.01. *See* 354 S.W.3d at 927-929. In that case, the petitioner, M.M., was arrested and charged with driving while intoxicated, resisting arrest, and assault of a public servant. *Id.* at 922. Pursuant to a negotiated plea bargain, prosecutors abandoned the DWI charge, and M.M. pleaded no contest to the resisting-arrest charge. In addition, M.M. admitted guilt as to the assault charge and asked the trial court to take the admitted offense into account in sentencing her for resisting arrest. *See* Tex. Penal Code § 12.45. M.M. later sought expunction of the unadjudicated DWI and assault charges. After the trial court granted M.M.'s petition for expunction, the Travis County District Attorney appealed.

On review, we concluded that M.M. failed to satisfy the first requirement of expunction under former subarticle (a)(2)(A) because former subarticle (a) and subarticle (a)(2)(A) did not permit the expunction of individual charges.[1] *M.M.*, 354 S.W.3d at 924. In reaching this

---

[1] Article 55.01 of the Texas Code of Criminal Procedure was mostly recently amended in 2011. *See* Act of May 25, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Sess. Law Serv. 2274, 2274-75. Our decision in *Travis County District Attorney v. M.M.* was governed by the former version. *See* 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.); Act of May 28, 2003, 78th Leg., R.S., ch. 1236, § 1, 2003 Tex. Gen. Laws 3499, 3499-50 ("former article 55.01" or "former Tex. Code Crim. Proc. art. 55.01"). Former subarticle (a)(2)(A) required a person seeking expunction based on dismissal of charges, like G.B.E., to first demonstrate the following:

> [A]n indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed . . . ."

Former Tex. Code Crim. Proc. article 55.01(a)(2)(A). While this requirement is still found in article 55.01(a)(2)(A), in substantially similar wording, it no longer represents a threshold requirement and does not apply at all when expunction is sought under article 55.01(a)(2)(B). *Compare* Tex. Code Crim. Proc. 55.01(a)(2) *with* former Tex. Code Crim. Proc. article 55.01(a)(2).

7

conclusion, we first pointed out (1) that the introductory language in former subarticle (a) provided that a person, upon demonstrating the existence of certain conditions, "[was] entitled to have all records and files related to the *arrest* expunged" and (2) that this arrest-based perspective was consistent with former subarticle (a)(2), which stated that a person was disqualified from expunction when a felony charge was presented "for an offense arising out of the transaction for which the person was arrested." *Id*. at 927-28; *see* former Tex. Code Crim. Proc. art. 55.01(a)(2). Further, we explained that:

> [A]llowing a person to expunge individual charges when there is no suggestion that the arrest that resulted in the charges was wrongful would be contrary to a primary purpose of the expunction statute, which is to allow the record of a wrongful arrest to be expunged.

*M.M.*, 354 S.W.3d at 928 (citing *Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991)). Consistent with this primary purpose, we concluded that former subarticle (a)(2)(A) "disqualifie[d] a person from expunction *for all charges arising from the arrest* if *any* felony indictment was presented for *any* offense arising from the arrest." *Id*. at 927.

This case presents a question of statutory construction similar to that presented in *M.M.*—whether subarticle (a)(2) of the current version of article 55.01 permits the expunction of records related to individual, unadjudicated charges. As previously discussed, the dispute in this case centers on the phrase "the charge, if any, has not resulted in a final conviction," as used in subarticle (a)(2), with each party having presented opposing interpretations of the phrase. *See* Tex. Code Crim. Proc. art. 55.01(a)(2). In *Travis County Attorney v. J.S.H.*, 37 S.W.3d 163 (Tex. App.—Austin 2001, no pet.), this Court analyzed this same language under the applicable version

8

of article 55.01 in order to determine whether arrest records related to an unadjudicated charge under section 12.45 of the Texas Penal Code were subject to expunction. Specifically, this Court considered whether an unadjudicated charge, considered in assessing punishment for another offense pursuant to section 12.45, "resulted in a final conviction" under subarticle (a)(2)(B) of the version of article 55.01 in effect at that time.[2] *J.S.H.*, 37 S.W.3d at 166. In a 2-1 decision, we held that it did not. *Id*. In reaching this conclusion, we analyzed the phrase "final conviction" and whether an unadjudicated offense under section 12.45, standing alone, constituted a "final conviction." *Id*. at 166-67. Without separately analyzing the phrase "resulted in," we concluded that the phrase "final conviction" (now found in subarticle (a)(2)) required that there be "an adjudication of guilt *of the offense charged*." *Id*. at 167 (emphasis added).

Following *J.S.H.*, we decided *Texas Department of Public Safety v. Borhani*, No. 03-08-00142-CV, 2008 WL 4482676, at *4 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.). In *Borhani*, the petitioner sought expunction of records relating to his arrest and conviction for which, following his plea of no contest, was reduced to a class C misdemeanor. Upon reviewing the record, we concluded that the petitioner had not presented any evidence at the one-minute hearing before the trial court to support the trial court's expunction decision. *Id*. As in the case at

---

[2] Under the version of article 55.01 applicable to our decision in *Travis County Attorney v. J.S.H.*, 37 S.W.3d 163 (Tex. App.—Austin 2001, no pet.), subarticle (a)(2)(B) stated:

> [T]he person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 of this code.

Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279, 4279-80.

hand, the Department argued that Borhani was ineligible to receive expunction because the offense he sought to expunge resulted in a final conviction of a class C misdemeanor. *Id*. Despite our holding in *J.S.H.*, we agreed and explained, albeit in dicta, that Borhani would not be entitled to expunction if, in fact, he received a final conviction on the reduced charges. *Id*. (citing *Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.)).

Subsequently, in *S.P.S. v. State*, No. 03-09-00151-CV, 2010 WL 668884, at *1 (Tex. App.—Austin Feb. 26, 2010, no pet.) (mem. op.), this Court analyzed whether a petitioner had demonstrated he was entitled to expunction of a burglary charge, even though the burglary charge had been dismissed in exchange for a guilty plea on a charge of criminal mischief. *Id*. at *3. Although we did not analyze the phrase "resulted in a final conviction," we appeared to take an approach consistent with our decision in *J.S.H.*, concluding that the requirements of former subarticle (a)(2)(B) had been satisfied and that the trial court had abused its discretion in denying the petition. *Id*.

It was against this backdrop of seemingly inconsistent statements and decisions that this Court decided *M.M.* in 2011. *See generally* 354 S.W.3d at 923-29. Although our resolution of *M.M.* did not rest on the same statutory provision as in this case and thus does not directly control the statutory construction issue presented, we find much of the Court's reasoning in *M.M.* to be equally applicable and instructive. Moreover, both before and after our decision in *J.S.H.*, our sister courts of appeals have unanimously concluded, under circumstances similar to those presented in this case, that expunction is unavailable. *See, e.g.*, *In re O.R.T.*, 414 S.W.3d 330, 335 (Tex. App.—El Paso 2013, no pet.) ("The language of [former article 55.01(a)(2)(B)] does not require that

10

a final conviction be the result of the particular unadjudicated offense that a petitioner is requesting be expunged . . . ."); *Texas Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.) (concluding that expunction of felony possession charge was not available under current version of article 55.01 where felony possession charge "was taken into consideration" in DWI plea pursuant to section 12.45 of penal code); *Rodriguez*, 224 S.W.3d at 785 (concluding that petitioner failed to prove that charge did not result in final conviction [under former article 55.01(a)(2)(B)] when, pursuant to plea agreement, petitioner pleaded guilty to lesser offense and was convicted of that offense); *Texas Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.) (concluding that petitioner was ineligible for expunction of arrest records where dismissal of charge was obtained in exchange for plea of no contest to lesser charge); *see also Ex parte M.G.*, No. 10-13-00021-CV, 2013 WL 3972225, at *2 (Tex. App.—Waco Aug. 1, 2013, no pet.) (mem. op.) (concluding that petitioner failed to prove entitlement to expunction when he pleaded guilty to a lesser charge in exchange for dismissal). In light of these developments, including our en banc decision in *M.M.*, we now reconsider our prior interpretation of the phrase "the charge, if any, has not resulted in a final conviction" in *J.S.H.* and *S.P.S.*

In construing subarticle (a)(2), we start by noting that the introductory language found in the current version of subarticle (a) states (as it did in former article 55.01) that a person is entitled, upon demonstrating that certain conditions have been satisfied, "to have all records and files relating to the *arrest* expunged." Tex. Code Crim. Proc. art. 55.01(a) (emphasis added); *see also* former Tex. Code Crim. Proc. art. 55.01(a); *M.M.*, 354 S.W.3d at 927. Further, nothing in subarticle (a)(2) suggests that a petitioner seeking expunction is required to prove that the "charge,

11

if any, has not resulted in a final conviction" *of that particular charge. See, e.g., In re O.R.T.*, 414 S.W.3d at 335. Viewing the statute as a whole and keeping in mind its general purpose of permitting the expunction of wrongful arrests, we conclude that a person is not entitled to have any arrest records arising from a multi-charge arrest expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that dismissal results in a final conviction of *any* charge arising from the same arrest.[3] *See In re A.G.*, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding that petitioner failed to show that charge had not resulted in final conviction under current version of article 55.01 because petitioner pleaded guilty to reckless driving).

We recognize that in 2011 the legislature amended article 55.01and substituted the word "the" for the word "any." More specifically, article 55.01(a)(2) currently requires that (1) the person has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) "there was no court-ordered community supervision under article 42.12 [of the Texas Code of Criminal Procedure] for *the* offense, unless *the* offense is a Class C misdemeanor." Tex. Code Crim. Proc. art. 55.01(a)(2) (emphasis added). In contrast, former article 55.01(a)(2)(B) required, with respect to element 4, that "there was no court-ordered community

---

[3] Under the circumstances presented in this case, we need not decide whether subarticle (a)(2) as a whole is "charge-based"—that is, whether subarticle (a)(2) generally permits the expunction of records related to individual charges. For example, we need not decide whether a petitioner may expunge records related to a single charge arising from a multi-charge arrest when the charge for which expungement is sought is wholly *unrelated* to any final conviction arising from the arrest. Instead, we hold that under the circumstances presented in this case and the plain language of subarticle (a)(2), G.B.E. is not entitled to expunge any records related to his arrest.

supervision under article 42.12 for *any* offense other than a Class C misdemeanor." Former Tex. Code Crim. Proc. 55.01(a)(2)(B). G.B.E. argues that in making this substitution in wording the legislature intended to clarify that courts should focus on the disposition of the charge that the petitioner seeks to expunge. However, the requirement to show that "there was no court-ordered community supervision under Article 42.12 for the offense" is separate from the requirement to show that "the charge, if any, has not resulted in a final conviction." Thus, even assuming this substitution in wording calls for a charge-based approach to expunction under subarticle (a)(2), as G.B.E. has argued, it does not change the plain language of article 55.01 and its requirement that the charge "has not resulted in a final conviction."

Interpreting the phrase in the manner proposed by G.B.E. would require us to add language to subarticle(a)(2) that was omitted by the legislature; nothing in the remainder of the statute compels such a result. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008) (explaining that courts must presume legislature "included each word in the statute for a purpose" and that "words not included were purposefully omitted"). To the extent our construction of article 55.01 in this case conflicts with our prior analyses in *J.S.H.* and in *S.P.S.*, we decline to follow our prior opinions and instead join our sister courts of appeals, which have analyzed the phrase "results in a final conviction" in the context of multi-charge arrests and unanimously concluded, under similar circumstances, that expungement is unavailable. *See, e.g.*, *In re O.R.T.*, 414 S.W.3d at 335.

Here, the Department filed a general denial in response to G.B.E.'s verified petition and, as a consequence, put the matters in the petition at issue and G.B.E's allegations subject to proof. *Texas Dep't of Pub. Safety v. Claudio*, 133 S.W.3d 630, 632-33 (Tex. App.—Corpus Christi 2002, no pet.); *Borhani*, 2008 WL 4482676, at *4 ("The allegations alone in a verified petition, after

13

being put in issue by a general denial, do not constitute proof of those allegations."). At the hearing on his petition, G.B.E. testified that the DWI charge against him was dismissed when he agreed to plead no contest to a charge of reckless driving and that he was ultimately convicted of that charge. Consistent with this testimony, the trial court's order dismissing the DWI charge against G.B.E. states that the charge was dismissed because the "case [was] re-filed"; G.B.E.'s judgment of conviction for reckless driving states that G.B.E. "entered his plea pursuant to a plea bargain with the State." Thus, the undisputed evidence shows that the DWI charge against G.B.E., though dismissed, resulted in a final conviction for reckless driving. Consequently, we conclude that G.B.E. has failed to prove, as a matter of law, that his DWI charge did not result in a final conviction, an essential element of his claim for expunction.[4] Accordingly, the trial court abused its discretion in expunging records and files related to G.B.E.'s DWI charge. We sustain the Department's issue on appeal.

## CONCLUSION

We reverse the trial court's judgment and render judgment that G.B.E.'s petition for expunction is denied. Further, pursuant to the Department's prayer for relief, we order that all relevant documents that have been turned over to the district court, or to G.B.E. or his counsel, be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (reversal of expunction applies to all respondents in trial court, even if they did not participate in appeal).

---

[4] In the alternative, G.B.E. argues that the disposition of the reckless driving charge is irrelevant because it did not arise from the same arrest as the DWI charge. However, G.B.E. does not dispute that the reckless driving and DWI charges arose out of the same conduct. Instead, G.B.E. argues that the charge for reckless driving was filed in a separate cause number *after* the filing of the DWI charge and, because the arrest for reckless driving could not have occurred until the reckless driving charges were filed, the arrests did not occur on the same day. Although the offenses were filed in separate cause numbers on different days, we disagree that this necessarily means that the charges "constituted separate arrests."

14

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Puryear, Pemberton, Rose, Goodwin and Field

Reversed and Rendered

Filed   March 20, 2014