# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00451-CV

**R. L. M., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D1-EX-12-000286, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

R.L.M. was arrested in 1999 and charged with capital murder. Pursuant to a plea bargain with the State, R.L.M. pleaded guilty to the lesser charge of sexual assault, and the charge of capital murder was dismissed by the State.

R.L.M. subsequently filed a petition for expunction pursuant to chapter 55 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 55.01-.06 (expunction of criminal records). In his petition, R.L.M. sought expunction of all records related to his 1999 arrest and to his indictment for capital murder, asserting that he was entitled to expunction because the charge against him had been dismissed.[1] The trial court ordered a hearing on R.L.M.'s petition and

---

[1] The trial court originally denied R.L.M.'s petition without properly notifying him of the hearing. R.L.M. appealed, and we held that he was entitled to notice and remanded the case for further proceedings. *See R.L.M. v. State*, No. 03-12-00384-CV, 2013 WL 6465936, at *5-9 (Tex. App.—Austin Nov. 27, 2013, no pet.) (mem. op.).

referred the matter to a magistrate. *See* Tex. Gov't Code § 54.976 (proceedings that may be referred to magistrate in Travis County). After conducting a telephonic hearing, the magistrate concluded that R.L.M. was not entitled to expunction of his arrest record because he was ultimately convicted of an offense arising out of the same arrest and, consequently, recommended that the trial court deny R.L.M.'s petition.

The trial court reviewed the record, adopted the magistrate's findings, conclusions, and recommendations, and denied R.L.M.'s petition for expunction. Raising two issues, R.L.M. appeals the judgment of the trial court. We will affirm.

**ANALYSIS**

In his first issue on appeal, R.L.M. argues that the trial court erred in denying his petition for expunction because the capital-murder charge against him was dismissed.

We review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion when its decision is (1) arbitrary, unreasonable, or without regard to guiding principles; or (2) without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). To the extent the trial court's expunction ruling involves questions of law, we review the ruling de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *See Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 679 (Tex. App.—Austin 2010, no pet.) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

2

The remedy of expunction allows a person who has been arrested for an offense to have all information about the arrest removed from the State's records if he meets the statutory requirements set out in chapter 55 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 55.01-.06; *Nail*, 305 S.W.3d at 674. In relevant part, article 55.01(a) provides that a person who has been arrested is entitled to have all records and files related to the arrest expunged if:

> the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor . . . .

Tex. Code Crim. Proc. art. 55.01(a)(2). This Court, in construing article 55.01, has held that the expunction of a dismissed charge is unavailable when the dismissal results in a final conviction of another charge arising from the same arrest. *Texas Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 629 (Tex. App.—Austin 2014, pet. denied) (en banc).

As a result of a single arrest, R.L.M. was charged with both capital murder and sexual assault. In exchange for R.L.M.'s guilty plea to the charge of sexual assault, the capital-murder charge against him was dismissed by the State. Because R.L.M. was convicted of sexual assault, he cannot demonstrate that his arrest "has not resulted in a final conviction," an essential element of his claim for expunction. *See id.* at 625 (petitioner bears burden of showing that he has met all statutory requirements needed in order to be granted expunction). Accordingly, we overrule R.L.M.'s first issue on appeal.

In his second issue on appeal, R.L.M. complains that the magistrate lacked any authority to conduct the expunction hearing and, as a consequence, that the trial court's order

3

adopting the magistrate's recommendation is void. Assuming without deciding that R.L.M. has adequately preserved this issue for appeal, we conclude that R.L.M. has failed to demonstrate that the trial court lacked authority to refer the proceedings.

Section 54.976 of the Texas Government Code expressly provides that a trial court judge in Travis County "may refer to a magistrate any criminal case or matter related to a criminal case for proceedings involving . . . an expunction or a petition for nondisclosure." Tex. Gov't Code § 54.976(a)(14). Although civil in nature, an expunction is a matter related to a criminal case. *See In re J.S.*, 392 S.W.3d 334, 337 (Tex. App.—El Paso 2013, no pet.) (noting that although expunction is governed by code of criminal procedure, expunction proceedings are civil proceedings).[2] Because the trial court was statutorily authorized to refer the expunction proceedings to a magistrate, we overrule R.L.M.'s second issue on appeal.

## CONCLUSION

Having overruled R.L.M.'s issues on appeal, we affirm the judgment of the trial court.

---

[2] R.L.M. has also filed a motion to strike the State's brief on the ground that the "trial court judge in appellant's case failed to issue an order of referral specifying the magistrate's duties." *See* Tex. Gov't Code § 54.977 (providing that to "refer one or more cases or matters to a magistrate, a judge must issue an order of referral specifying the magistrate's duties"). The trial court's order of referral states that the magistrate is "authorized and empowered to exercise all powers and authority granted . . . by Section 54.971." In addition, the order directs the magistrate "[a]t the conclusion of the [expunction] proceedings . . . , [to] make and forward . . . any appropriate written findings, conclusions, orders, recommendations, or other action taken." We disagree that the trial court's order of referral fails to adequately specify the magistrate's duties, and the motion to strike is denied.

4

_____
Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   June 30, 2015