# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-15-00304-CV

**T. H., Appellant**

**v.**

**Texas Department of Public Safety, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 266,267-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On July 18, 2012, T.H. was arrested for forgery and theft. The charge of forgery against T.H., a Class A misdemeanor, was assigned cause number 2C12-06514. *See* Tex. Penal Code § 32.21(c). According to the charging instrument, T.H. committed the forgery offense on January 23, 2012. Conversely, the charge of theft against T.H., a Class B misdemeanor, was separately assigned cause number 2C12-06515, and T.H. was alleged to have committed the offense on February 2, 2012. *See id*. § 31.03(e)(2). Pursuant to a plea agreement, the State moved to dismiss the forgery charge because T.H. "agreed to plead guilty in a companion case in return for dismissal." The forgery charge was dismissed by the county court on January 18, 2013. That same day, T.H. pleaded no contest to the theft charge and was placed on community supervision deferred adjudication, which she successfully completed.

T.H. subsequently filed a petition for expunction pursuant to chapter 55 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 55.01-.06 (expunction of criminal records). In her petition, T.H. sought expunction of all records and files related to the charge of forgery against her, asserting that she was entitled to expunction under article 55.01(a)(2) because the charge had been dismissed. The Texas Department of Public Safety filed an answer and general denial opposing T.H.'s petition. Following a hearing, at which T.H. testified, the trial court denied T.H.'s petition. T.H. appeals the judgment of the trial court. We will affirm.

**ANALYSIS**

The remedy of expunction allows a person who has been arrested for an offense to have all information about the arrest removed from the State's records if he meets the statutory requirements set out in chapter 55 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 55.01-.06; *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). In relevant part, article 55.01(a) provides:

(a)     A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A)     regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person

2

with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

> (i)      has not been presented against the person at any time following the arrest and:
>
>            [a certain amount of time has elapsed]; or
>
> (ii)      if presented at any time following the arrest, [the indictment or information was dismissed or quashed for certain reasons, including that the presentment was a result of reasons indicting absence of probable cause]; or

> (B)      prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. art. 55.01(a)(2).

In one issue on appeal, T.H. asserts that the trial court abused its discretion in denying her petition because, according to her, the undisputed evidence shows that the statutory requirements for expunging the charge of forgery have been met.[1] That is, T.H. asserts that the charge of forgery against her did not result in a final conviction nor did the forgery charge result in the imposition of

---

[1] We review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion when its decision is (1) arbitrary, unreasonable, or without regard to guiding principles; or (2) without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). To the extent the trial court's expunction ruling involves questions of law, we review the ruling de novo because a "trial court has no 'discretion' in determining what the law is or applying the law to the facts." *See Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 679 (Tex. App.—Austin 2010, no pet.) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

community supervision for that offense. In addition, T.H. contends that the limitations period for the dismissed offense expired prior to her filing the petition for expunction.

In response, the Department contends that the trial court properly denied T.H.'s petition because T.H. failed to establish that "she did not serve community supervision for a charge arising out of the arrest." The Department acknowledges that chapter 55 requires the petitioner to show only that "there was no court-ordered community supervision . . . for *the offense,*" but argues that the expunction statute, when read as whole, is arrest based. In other words, under the Department's interpretation of article 55.01, individual charges arising from a multi-charge arrest cannot be expunged, and expunction is proper only when all charges arising from the arrest meet the requirements of article 55.01. According to the Department, because T.H. was placed on "community supervision under Article 42.12" for the charge of theft against her and because, as a result, the theft charge does not meet the requirements of article 55.01, none of the records or files related to T.H.'s July 18, 2012 arrest can be expunged.

This Court construed a prior version of article 55.01 and held that the expunction of individual records related to an arrest was unavailable under former subarticles (a) and (a)(2)(A) of article 55.01. *Travis Cty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 921-22 (Tex. App.—Austin 2010, no pet.); *see* Act of May 28, 2003, 78th Leg., R.S., ch. 1236, § 1, 2003 Tex. Gen. Laws 3499, 3499-50 (amended 2011) (current version at Tex. Code Crim. Proc. art. 55.01). The version of article 55.01 at issue in *M.M.* allowed a petitioner, upon demonstrating the existence of certain conditions, "to have all records and files related to the *arrest* expunged." *M.M.*, 354 S.W.3d at 927 (citing former Tex. Code Crim. Proc. art. 55.01(a)(2)). At the same time, the statute disqualified a

4

petitioner from expunction for all charges arising from the arrest if a felony charge was presented "for an offense arising out of the transaction for which the person was arrested." *Id*. at 928 (citing former Tex. Code Crim. Proc. art. 55.01(a)(2)). Based on this language, we concluded that the petitioner was not entitled to the expunction of unadjudicated charges for driving while intoxicated and assault under former subarticle (a)(2)(a) because an indictment for the felony offense of assault of a public servant—an offense which arose from the same transaction—had been presented against her and was not dismissed. *Id*. at 924, 929.

In 2011, article 55.01 was amended, and as a result, a petitioner seeking expunction based on dismissal of charges is no longer required to prove in every instance that no felony charge has been presented "for an offense arising out of the transaction." *See Texas Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 627 n.1 (Tex. App.—Austin 2014, pet. denied) (en banc); *see* Act of May 25, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275-76. Instead, a petitioner seeking expunction under subarticle (a)(2) must now prove, as a threshold matter, that (1) he has been released; (2) the charge, if any, has not resulted in final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under Article 42.12 for the offense. Tex. Code Crim. Proc. art. 55.01(a)(2). In *Texas Department of Public Safety v. G.B.E.*, this Court construed the current version of article 55.01 and concluded that the petitioner was not entitled to the expunction of an individual charge arising from his multi-charge arrest under the circumstances presented. 459 S.W.3d at 627.

In *G.B.E*, the evidence established that the petitioner had been arrested and charged with the offense of driving while intoxicated and later charged with reckless driving. *Id*. at 624. Although the DWI charge was dismissed, the undisputed evidence was that the DWI charge was

5

dismissed only because G.B.E. agreed to plead no contest to the charge of reckless driving, which he did and of which he was ultimately convicted. *Id*. at 630. Focusing our analysis on the statutory language "the charge, if any, has not resulted in a final conviction," and without deciding whether article 55.01 as a whole operates as an arrest-based or offense-based expunction statute, we held that G.B.E. failed to prove that he was entitled to have any arrest records or files expunged. *Id*. Specifically, we held that a petitioner is not entitled to expunction under article 55.01(a)(2) when a charge is dismissed but that dismissal results in a final conviction of another charge arising from the same arrest. *Id*. at 629; *see also R.L.M. v. State*, No. 03-14-00451-CV, 2015 WL 4076963, at *2 (Tex. App.—Austin June 30, 2015, no pet.) (mem. op.).

In this case, T.H.'s arrest resulted in deferred adjudication community supervision. Because T.H. successfully completed the conditions of her community supervision, her arrest did not result in a final conviction. Accordingly, our holding in *G.B.E.,* which focused on the element of "has not resulted in a final conviction," is not directly controlling. Nevertheless, since our decision in *G.B.E.,* numerous courts of appeals, including this court, have held that chapter 55 operates "from top to bottom" as an arrest-based expunction statute. *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.); *see Ex parte Vega*, No. 13-15-00245-CV, 2016 WL 455327, at *5 (Tex. App.—Corpus Christi Feb. 4, 2016, no pet.); *Texas Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 556 (Tex. App.—Beaumont 2015, no pet.); *In re Expunction*, 465 S.W.3d 283, 290 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Ex parte S.D.*, 457 S.W.3d 168, 172 (Tex. App.—Amarillo 2015, no pet.); *see also Scaife v. State*, No. 03-14-00274-CV, 2015 WL 3542883, at *2 (Tex. App.—Austin June 3, 2015, no pet.) (mem. op.) ("[C]ourts have determined that the expunction statute is 'arrest-based,' meaning that expunction is not an available remedy for less than

6

all of the charges stemming from one arrest."); *Texas Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.) ("The statute does not address or make allowances for expunction of individual offenses stemming from an arrest."). In concluding that all charges arising from an arrest must meet article 55.01's requirements, these courts have predominantly considered the introductory statement in subarticle 55.01(a) that a petitioner is entitled to have "all records and files *relating to the arrest* expunged." *See* Tex. Code Crim. Proc. art. 55.01(a) (emphasis added); *see also Vega*, 2016 WL 455327, at *5. In addition, courts have noted provisions in article 55.01 giving weight to charges for additional offenses "arising out of the same arrest or based on the same criminal transaction," *see In re Expunction*, 465 S.W.3d at 289, and the lack of any provision in the statute contemplating the partial, content-based removal or redaction of arrest records, *see S.J.*, 438 S.W.3d at 843; *see also Vega*, 2016 WL 455327, at *5 (noting that article 55.02 requires that if return of affected records is impracticable, government agency or official must "obliterate" any parts of its records and files which "can identify the person," but makes no provision for expunging particular charge).

Viewing the statute as a whole, and consistent with these cases, we conclude that the current expunction statute maintains an arrest as the unit of expunction and that, consequently, a petitioner must prove that each charge arising from the arrest satisfies the requirements of article 55.01.[2] As we recognized in *M.M.*, the primary purpose of the expunction statute is to allow the

---

[2] In 2015, the Texas Legislature attempted to amend article 55.01 to allow for offense-based expunction under certain circumstances. *See* Senate Research Center, Bill Analysis, Tex. H.B. 3579, 84th Leg., R.S. (2015) (engrossed bill analysis). Among other things, House Bill 3579 would have amended the first sentence of article 55.01 to state that a petitioner is "entitled to have all records and files relating to *the offense for which the person was arrested*." *See id*. (emphasis added). However, the bill was later vetoed by the governor. According to Governor Abbott's veto statement,

7

record of a wrongful arrest to be expunged. *M.M.*, 354 S.W.3d at 920; *see M.R.S.*, 468 S.W.3d at 556 ("The purpose of the expunction statute is to remove records of wrongful arrests."). "[A]llowing a person to expunge individual charges when there is no suggestion that the arrest that resulted in charges was wrongful would be contrary to [this] primary purpose . . . ." *M.M.*, 354 S.W.3d at 928; *see also S.D.*, 457 S.W.3d at 171-72 (*citing M.M.*, 354 S.W.3d at 928).

The undisputed evidence shows that T.H. was placed on deferred adjudication for the charge of theft. We have previously recognized that trial court orders that impose deferred adjudication are orders that impose "court-ordered community supervision under Article 42.12" within the meaning of article 55.01. *Nail*, 305 S.W.3d at 678. Consequently, T.H. cannot demonstrate that this theft charge meets the requirements of article 55.01(a)(2). *See* Tex. Code Crim. Proc. art. 55.01(a)(2) (requiring petitioner to show that "there was no court ordered community supervision under Article 42.12"). The theft charge against T.H. arose from her arrest on July 18, 2012. Consequently, the trial court did not abuse its discretion in concluding that the records and files related to the July 18, 2012 arrest fail to meet the statutory requirements for expunction. We overrule T.H.'s issue on appeal.

**CONCLUSION**

Having overruled T.H.'s sole issue on appeal, we affirm the trial court's order denying T.H.'s petition for expunction.

---

House Bill 3579 went "too far by allowing courts to expunge dismissed criminal charges—including serious felony charges—even when the defendant was convicted of other, related charges." Veto Message of Governor Abbott, Tex. H.B. 3579, 84th Leg., R.S. (2015).

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   October 6, 2016