

NUMBER 13-16-00522-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### EX PARTE CARLOS DE LA GARZA

On appeal from the 138th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

By his sole issue, appellant Carlos De La Garza challenges the trial court's denial

of his motion to expunge his arrest for assault, family violence, a Class A misdemeanor.

*See* TEX. PENAL CODE ANN. § 22.01   (West, Westlaw through 2017 1st C.S.); *see* TEX.

CODE CRIM. PROC. ANN. § 55.01 (West, Westlaw through 2017 1st C.S).   We affirm.

### I.   BACKGROUND

De La Garza was arrested for assault, family violence, and disorderly conduct, a

Class C misdemeanor, on July 3, 2012.   *See* TEX. PENAL CODE ANN. §§ 22.01, 42.01

(West, Westlaw through 2017 1st C.S.). On March 5, 2015, he pleaded guilty to the disorderly conduct in exchange for the dismissal of the assault charge. *See id.* Both charges arose out of the same arrest.

On September 11, 2015, De La Garza filed his motion to expunge the assault arrest. The trial court held a hearing on the motion to expunge, and after both De La Garza and the State submitted post-hearing briefs on the issue, it denied the motion to expunge. The trial court reasoned that because the assault was dismissed pursuant to a plea agreement, De La Garza was not entitled to the expunction. This appeal followed.

## II. EXPUNCTION

By one issue, De La Garza argues he was entitled to an expunction of his assault arrest which was subsequently dismissed.

### A. Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied) (en banc). A trial court abuses its discretion when it renders a decision that is (1) arbitrary, unreasonable, or without reference to guiding rules or principles, or (2) without supporting evidence. *Id.* However, to the extent that the court's ruling on an expunction petition turns on a question of law, we review that ruling *de novo* because the trial court has no discretion in determining what the law is or applying the law to the facts. *Id.*; *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi 2014, pet. denied).

### B. Applicable Law

The remedy of expunction permits a person who has been arrested for the

commission of a criminal offense and released, and who meets certain other conditions, to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *see also Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.). Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Vega*, 510 S.W.3d at 548. As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id.* It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Id.*

De La Garza's issue requires us to interpret the expunction statute. Statutory interpretation is a question of law that we also review *de novo*. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex. 2008). Our goal in interpreting a statute is to give effect to the legislature's intent as expressed by the language in the statute. *Id.* We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 625–26. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *Mid–Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex. 2007). If the meaning of statutory language is clear and unambiguous, we may not resort to rules of construction or extrinsic aids. *City of Rockwall,* 246 S.W.3d at 626. However, we may also consider the object the Legislature

3

sought to attain by enacting the statute.  *Lexington Ins. Co. v. Strayhorn,* 209 S.W.3d 83, 87 (Tex. 2006) (citing Tex. Gov't Code Ann. § 311.023(1) (West, Westlaw through 2017 1st C.S.)).

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

> (a)     A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
>> (A)     regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense . . .
>>
>>> (i)     has not been presented against a person at any time following the arrest . . .
>>>
>>> . . . or
>>>
>>> (ii)     if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or

4

> (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period had expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a).

### C. Discussion

To establish entitlement to expunction based on dismissal under article 55.01(a)(2), De La Garza was required to prove that: (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure. *See id.* art. 55.01(a)(2)(A); *see also Tex. Dep't. of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. ref'd).

De La Garza argues that the plea to a Class C misdemeanor does not prevent expunction of the assault charge because it was not a lesser-included offense of the assault. The State argues expunction is prevented because the Class C disorderly conduct arose out of the same criminal transaction and is therefore barred.

Article 55.01(a) begins by providing that "[a] person who has been placed under a custodial or noncustodial arrest" may "have *all* records and files *relating to the arrest*" expunged if certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added). The statutory language contemplates expunging all of the records related to an arrest but makes no provision for expunging records related to a particular charge that resulted from an arrest. *See id.*; *see also Ex Parte Vega*, 510 S.W.3d at 550 (interpreting article 55.01(a) in the same manner); *G.B.E.*, 459 S.W.3d at 629. If the Legislature wished to permit persons to expunge records related to a particular charge

5

resulting from an arrest without expunging all records of the arrest itself, we presume that it would have included language with that meaning in the statute. *See S.J. v. State,* 438 S.W.3d 838, 843 (Tex.App.–Fort Worth 2014, no pet.); *see also Ex parte S.C.,* 305 S.W.3d 258, 263 (Tex.App.–Houston [14th Dist.] 2009, no pet.) (holding that an expunction order was overbroad because the Legislature did not include language allowing a person to expunge records "relating to the investigation" or "resulting in" or "contributing to" an arrest). Furthermore, the statute does not make the availability of expunction turn on whether a charge was filed following the arrest, but requires that "the charge, if any" is not still pending and did not have certain results. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *see also S.J.,* 438 S.W.3d at 843. Viewing the statute as a whole and keeping in mind its general purpose of permitting the expunction of wrongful arrests, we conclude that a person is "not entitled to have any arrest records expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that dismissal results in a final conviction of *any* charge arising from the same arrest." *G.B.E.,* 459 S.W.3d at 629 (emphasis in original); *see In re A.G.,* 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding that petitioner failed to show that charge had not resulted in final conviction under current version of article 55.01 because petitioner pleaded guilty to reckless driving).

De La Garza was originally arrested for Class A assault and Class C disorderly conduct. As part of a plea agreement, he pleaded guilty to the disorderly conduct, and the State dismissed the assault case. Because of the events that occurred, we hold that De La Garza failed to meet the requirements of article 55.01(a). De La Garza was not

6

tried, and acquitted or pardoned. Therefore, De La Garza did not meet the requirements of article 55.01(a)(1). De La Garza also failed to satisfy article 55.01(a)(2) because the record shows that, although the assault charge was dismissed, as part of his plea agreement with the State, De La Garza was convicted of a Class C offense for disorderly conduct. Thus, the charge resulted in a final conviction rendering De La Garza's records ineligible for expunction. *See Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.); *see also Tex. Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.).

We overrule De La Garza's sole issue.

### III. CONCLUSION

We affirm the ruling of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
22nd day of March, 2018.

7