# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00792-CV

**Texas Department of Public Safety, Appellant**

**v.**

**J. W. M., Appellee**

**FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT
NO. 20353, HONORABLE JOHN GAUNTT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety (the Department) brings this restricted appeal of the trial court's order granting J.W.M.'s petition to expunge his arrest for insurance fraud. *See* Tex. Penal Code § 35.02(a). The Department argues in one issue that J.W.M. presented legally insufficient evidence to establish his entitlement to expunction. For the reasons that follow, we will reverse and render judgment denying his petition.

## BACKGROUND

J.W.M. argued in his petition that he was entitled to expunge the records of his arrest for fraud because he had been released, the charge did not result in a final conviction and was no longer pending, and the indictment had been "dismissed or quashed." *See* Tex. Code Crim. Proc. art. 55.01(a)(2)(A)(ii). The trial court scheduled a hearing on the petition for July 14, 2017, and sent notice to the Department, the Lampasas County Attorney, and the other governmental entities named

in J.W.M.'s petition as possessing records subject to expunction. *See id.* art. 55.02, § 2(b)(8) (directing expunction petitioners to list all governmental entities that might possess records subject to expunction), (c) (requiring trial court to send "reasonable notice" of hearing to each affected entity).

The Department filed an answer generally denying J.W.M.'s allegations, but its counsel was not present at the hearing. At the beginning of the hearing, the trial court commented that notice had been sent to the Department, and the assistant county attorney stated: "This morning I contacted by telephone the [Department] attorney that filed the answer. They indicated they are not coming. They would just ask the Court [to] consider their answer and the arguments made therein." The hearing proceeded with the county attorney, J.W.M., and his counsel.

The parties focused their arguments on whether J.W.M. met the requirements for expunction when a charging instrument was presented following the arrest. If the statute of limitations on the offense has not expired, as it had not here, expunction is only available if the indictment was dismissed due to one of four enumerated reasons. *See id.* art. 55.01(a)(2)(A)(ii), (B). J.W.M. did not specify in his petition which ground allegedly occurred here but argued at the hearing that the indictment was dismissed because it was "void." *See id.* art. 55.01(a)(2)(A)(ii)(d). The trial court heard arguments from the parties and brief testimony from J.W.M. and took judicial notice of its file from the fraud case.

The trial court's case file reflects that a grand jury presented an indictment charging J.W.M. with insurance fraud on April 10, 2015. J.W.M. filed a motion to quash arguing that the indictment failed to specify which subsection he allegedly violated by the specific conduct at issue.

2

The trial court noted on its docket sheet that "the indictment is likely not specific" but reserved its ruling because the county attorney prosecuting the case stated that he intended to seek a corrected indictment from the grand jury. The county attorney ultimately filed his own motion to dismiss the indictment, giving the reason that a grand jury had presented an indictment charging J.W.M. with the offense of fabricating evidence and he wished to proceed only on the new charge.[1] At the bottom of the same motion is a preprinted order that the presiding judge signed the same day.

The trial court announced at the conclusion of the expunction hearing that it was granting J.W.M.'s petition and later signed an order to that effect. The Department took this restricted appeal of that order. *See* Tex. R. App. P. 30.

## DISCUSSION

To sustain its restricted appeal, the Department must prove: (1) it filed notice of the restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). These requirements are mandatory and jurisdictional. *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.). Only the third and fourth requirements are at issue here.

---

[1] The full text of the motion reads: "Case investigation to led to charge of tampering / fab[ricating] evidence - a third degree felony. 2 charges/indictment would be confusing to the jury."

**Non-participation**

Whether an appellant meets the non-participation requirement turns on whether it "participated in the decision-making event" that resulted in the adjudication of its rights. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 589 (Tex. 1996); *see Bahar v. Lyon Fin. Servs.*, 330 S.W.3d 379, 389 (Tex. App.—Austin 2010, pet. denied). It is the fact of non-participation, rather than the reason for it, that determines the right to take a restricted appeal. *Texaco*, 925 S.W.2d at 590. We construe non-participation liberally in favor of the right of appeal. *Pike-Grant*, 447 S.W.3d at 886.

J.W.M. argues that the Department effectively participated in the hearing by filing an answer and having the assistant county attorney argue its position to the trial court. He relies on *C&V Club v. Gonzalez*, a case where the court of appeals held that the appellant, Vincent Mercado, participated because he "was represented by counsel who was present and vocal during the entire hearing" even though Mercado was not personally present. 953 S.W.2d 755, 759 (Tex. App.—Corpus Christi 1997, no writ). J.W.M. argues that the county attorney acted for the Department and kept it informed in much the same way that Mercado's lawyers kept him informed throughout the litigation. The comparison is not apt because the expunction statute authorizes each entity named in the petition to represent itself and to appeal the trial court's ruling. *See* Tex. Code Crim. Proc. art. 55.02, §§ 2 (c-1), 3(a); *Texas Dep't of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 616 (Tex. App.—El Paso 2016, no pet.). There is no evidence that the Department asked the county attorney to represent it, and we decline to hold that the county attorney assumed that responsibility by conveying a message that merely called the trial court's attention to the Department's answer.

4

*See Ex parte Stiles*, 958 S.W.2d 414, 417-18 (Tex. App.—Waco 1997, pet. denied) (holding that the district attorney did not represent Department in expunction proceeding when there was no agreement to that effect).

J.M.W. also makes a broader point that we should not allow the Department to take a restricted appeal because of its deliberate absence from the hearing. His argument assumes that the right to take a restricted appeal has an equitable component, but a restricted appeal "is not an equitable proceeding." *Texaco*, 925 S.W.2d at 590. As a result, there is no requirement that the appellant "show diligence or lack of negligence before its complaints will be heard." *Id.* Applying this rule to the record before us, the fact that the Department had filed an answer and had notice of the hearing does not change the fact that it did not participate in the decision-making event that resulted in the expunction order. *See id.* (observing that "it is the fact of nonparticipation, not the reason for it, that determines the right" to take a restricted appeal); *see also Texas Dep't of Pub. Safety v. J.W.D.*, No. 03-14-00101-CV, 2014 WL 7464229, at *1 (Tex. App.—Austin Dec. 31, 2014, pet. denied) (mem. op.) (reaching same conclusion on facts similar to this case).

We conclude that the Department meets the non-participation requirement for a restricted appeal.

**Entitlement to Expunction**

The Department argues that there is error on the face of the record because J.W.M. failed to provide legally sufficient evidence of his entitlement to expunction. The face of the record in a restricted appeal consists of all the papers on file, including the reporter's record. *Norman*

*Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). A claim that insufficient evidence supports a judgment is reviewable on a restricted appeal. *Id.*

Expunction is not a right but a statutory privilege, and the petitioner bears the burden of proving that each of the required conditions have been met. *Texas Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 625 (Tex. App.—Austin 2014, pet. denied) (en banc). To carry this burden, the petitioner must provide more than allegations in a verified pleading. *See Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.) (noting that "allegations in a petition seeking expunction are not evidence"). "The trial court must strictly comply with the statutory requirements, and has no equitable power to expand the remedy's availability beyond what the legislature has provided." *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.) (quoting *T.C.R. v. Bell Cty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.)).

We review a trial court's ruling on an expunction petition for a clear abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). A court abuses its discretion when it acts without reference to guiding rules or principles or without supporting evidence. *G.B.E.*, 459 S.W.3d at 624. When reviewing factual matters, we may not substitute our judgment for the trial court's unless it is clear from the record that the trial court could reach only one decision. *Id.*

When reviewing a legal-sufficiency challenge, we review all the evidence in the light most favorable to the judgment, credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*,

168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal-sufficiency complaint if the record reveals, among other circumstances, no evidence of a vital fact. *Id.* at 810.

The Department contends that J.W.M. provided no evidence that the fraud indictment "was dismissed or quashed because . . . the indictment . . . was void." Tex. Code Crim. Proc. art. 55.01(a)(2)(A)(ii)(d). Rather, the only evidence in the record regarding the reason for the dismissal is the ground stated in the county attorney's motion to dismiss, that he preferred to go forward solely on the fabrication-of-evidence charge. Generally, an indictment is "'void' only if it fails to constitute an indictment at all because it fails to charge (1) a person, (2) the commission of an offense, or (3) an offense for which the trial court has subject-matter jurisdiction." *Ex parte Koester*, 450 S.W.3d 908, 912 n. 2 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Teal v. State*, 230 S.W.3d 172, 179-80 (Tex. Crim. App. 2007)). J.W.M. does not point to any evidence that the indictment was dismissed for any of these reasons, and our own review of the record does not disclose any evidence that the trial court dismissed the indictment for a jurisdictional defect. *Cf. Ex parte Jackson*, 132 S.W.3d 713, 715-16 (Tex. App.—Dallas 2004, no pet.) (holding that petitioner carried this part of his burden by offering unpublished opinion of court of criminal appeals dismissing indictments against him as void). We conclude that no evidence supports this element of J.W.M.'s claim. Because J.W.M. failed to prove his entitlement to expunction, the trial court abused its discretion by granting him relief. *See Texas Dep't of Pub. Safety v. M.G.*, No. 03-16-00279-CV, 2018 WL 1937311, at *4 (Tex. App.—Austin Apr. 25, 2018, pet. denied) (mem. op.) (holding that trial court abused its discretion because petitioner provided no evidence that indictment was dismissed for reason reflecting absence of probable cause). We sustain the Department's sole issue.

7

## CONCLUSION

We reverse the trial court's order and render judgment denying J.W.M.'s petition. Pursuant to the Department's prayer for relief, we order that all documents turned over to the trial court, J.W.M., or his counsel be returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam) (providing that reversal of expunction applies to all affected agencies, even if they did not participate in appeal).

_____
Cindy Olson Bourland, Justice

Before Justices Puryear, Bourland, and Toth

Reversed and Rendered

Filed:   December 12, 2018

8