A. ROSE, *alias* ANTHONY ROSES, *alias* B. BRONZE, *alias* GEORGE STEVENS SCOTT, *alias* CHARLES E. COLSEN v. THE STATE.

No. 22992. Delivered December 13, 1944.
Rehearing Denied (Without Written Opinion) January 24, 1945.

The opinion states the case.

*W. O. Hamilton* and *George Rodriguez,* both of El Paso, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of five dollars and under the value of fifty dollars. The punishment assessed is confinement in the county jail for a period of thirty days and a fine of thirty dollars.

Appellant's first complaint is that the evidence is insufficient to sustain his conviction. The State's testimony shows that on the 9th day of February, 1944, Mrs. Sukel took a bronze Baby Ben clock to the appellant's place of business to have it cleaned; that appellant looked at the clock and agreed to do the work for $4.50 and requested her to come back on the 23rd of said month, when he would have it ready; that on the day indicated by appellant she returned to his place of business to get her clock, at which time he claimed that he had not had time to clean it. Thereafter, she went back every day but never did get

her clock. At the time she took the clock to him, he said that it was a fine clock and worth from nine to ten dollars.

**In addition to** the foregoing evidence, the State introduced several other witnesses by whom it was proved that about the same time they took watches to the appellant for repairs but that they never did get them back although they went to his place of business repeatedly and asked for them. Appellant objected to this testimony as will hereinafter appear from a discussion of his bills relating thereto.

Appellant did not testify. However, he called his wife as a witness and she testified that she was present when Mrs. Sukel brought a red Baby Ben clock to have it repaired; that it was not a bronze but a red clock with the crystal broken and the winders missing therefrom.

The witness had the clock with her and it was introduced in evidence.

Mrs. Sukel was then recalled and testified that the clock exhibited by appellant's wife to the court and jury was not her clock and was not the one she had left with appellant to be cleaned.

A roomer at Mrs. Sukel's home, who had on several occasions borrowed the clock, testified that the clock introduced in evidence was not Mrs. Sukel's clock.

Appellant contends that the evidence shows that the County Court did not have jurisdiction of the offense charged because Mrs. Sukel testified that she purchased the clock in question in the year 1941 and paid less than five dollars for it, but that at the time she took the clock to appellant to have it cleaned, he remarked that it was a fine clock and was worth from nine to ten dollars. The jurisdiction of the court in cases of this nature is controlled by the value of the property at the time of its conversion and not by the purchase price thereof at some time in the past. Supposed she had testified that she paid $60.00 for the clock and the proof showed that at the time of the conversion it was worth less than $50.00, or even less than $5.00. Could appellant successfully contend that the District Court had jurisdiction because the evidence disclosed that the purchase price was $60.00? We do not think so. However, the County Court has concurrent jurisdiction with the Justice Court in cases of this character where the value of the property taken was

less than five dollars. See Patterson v. State, 122 Tex. Cr. R. 502.

Bills of Exception Nos. 1 and 2 relate to the same subject and will be treated and considered together. By these bills appellant complains, first, of the testimony given by Mrs. A. Abbott to the effect that in January she took a clock to the appellant to have it repaired by him. He told her to come back a week later and he would have it ready; that she went back to him repeatedly to get the clock but never did get it back.

Mrs. Florence Hurlburt testified that in the early part of January she took some watches to appellant to have them repaired; that she went back the first of February to get them but he claimed that he could not find them; that she went there repeatedly to get the watches but never did get them. J. F. Dixon testified that he carried his watch and that of his son to have them repaired; that he went back several times in the course of several months but failed to get either of the watches; that finally appellant told him (Dixon) that he had lost the watches.

Appellant timely objected to this evidence on the ground that the transactions related by the witnesses were separate and distinct from the one under investigation; that it tended to prove extraneous crimes and did not shed any light upon any issue in the case. While it is true that ordinarily extraneous offenses are not admissible, yet, there are exceptions to the general rule, as where motive, system, intent, etc., become an issue in the case. It occurs to us that intent was an issue in the instant case. Hence the extraneous transactions became admissible on that issue. The record shows that the trial court admitted the evidence on that issue and in his charge to the jury instructed them that they could only consider it, if they did so, on the issue of intent and not for any other purpose. This was in conformity with the holding of this court in the following cases: Johnson v. State, 117 Tex. Cr. R. 103, and Carden v. State, 62 Tex. Cr. R. 545.

By Bill No. 4 appellant complains of the following remark by the Assistant County Attorney in his opening argument to the jury:

"Of course, the Court has charged you on the defendant's failure to take the stand.".

At this juncture he left the subject. Appellant objected

thereto and by a written motion requested the court to instruct the jury to disregard the same, which the court declined to do. He contends that this was a violation of Art. 710, C. C. P., and constitutes reversible error. We do not regard the remark as a comment on the appellant's failure to testify but merely a reference to the court's charge on the subject. Appellant cites us to the cases of Wimberly v. State, 6 S. W. (2d) 120, 109 Tex. Cr. R. 581; and Brumbelow v. State, 54 S. W. (2d) 528, 122 Tex. Cr. R. 198. We have examined these cases and find that the Wimberly case, supra, does not support his contention. The case of Brumbelow v. State, supra, shows that the argument was clearly a comment on the accused's failure to testify and therefore was in violation of Art. 710, C.C.P. We think that the cases of Tate v. State, 139 Tex. Cr. R. 616, and Wilkerson v. State, 119 Tex. Cr. R. 4, hold contrary to his contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.