**Elizabeth Ann Lisa RODRIGUEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–06–00266–CV.

Court of Appeals of Texas, Eastland.

April 26, 2007.

Tiffani N. Helms, Abilene, for appellant.

James Eidson, Dist. Atty., Patricia Dyer, Asst. Crim. Dist. Atty's Office, Abilene, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Pursuant to Tex.Code Crim. Proc. Ann. art. 55.01(a) (Vernon 2006), Elizabeth Ann Lisa Rodriguez sought the expunction of records from a 2001 theft charge. The trial court denied Rodriguez's request, and she appealed. We affirm.

### I. *Issues*

Rodriguez presents three issues on appeal in which she contends that the trial court erred in not granting an expunction because (1) she met all of the statutory requirements, (2) limitations bars any fur-

ther charges for issuing a bad check, and (3) the State failed to establish that she is still subject to conviction for the offense of theft by check.

## II. *Expunction*

■ The petitioner in an expunction proceeding has the burden of proving that the statutory requirements are met. *Harris County Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1, 3–4 (Tex.App.-Houston [14th Dist.] 1994, no writ). We review the trial court's ruling on an expunction under an abuse of discretion standard of review. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex.App.-Austin 2002, pet. denied).

### A. Statutory Requirements.

■ The legislature intended for Article 55.01(a) to permit the expunction of records of wrongful arrests. *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex.1991). Article 55.01(a) provides that a person who was placed under arrest for the commission of a felony or a misdemeanor is entitled to have all records relating to that arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c) of this section; or

(B) convicted and subsequently pardoned; or

(2) each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the

person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

### B. Did Rodriguez Meet the Requirements of Article 55.01(a)?

■ The record in this case shows that Rodriguez was originally charged in 2001 with theft by check but that, pursuant to a plea agreement, she pleaded nolo contendere to the charge of issuance of a bad check, a Class C misdemeanor. *See* Tex. Pen.Code Ann. § 31.03 (Vernon Supp. 2006), § 32.41 (Vernon 2003). Pursuant to the plea agreement, Rodriguez paid off the bad checks and paid a fine of one dollar, and the State waived the original charge of theft by check. The trial court accepted the plea and convicted Rodriguez of the offense of issuance of a bad check. The trial court did not place her on community supervision.

We hold that Rodriguez failed to meet the requirements of Article 55.01(a). Rodriguez was not tried and either acquitted or pardoned. Thus, Rodriguez did not meet the requirements of Article 55.01(a)(1). Rodriguez also failed to satisfy Article 55.01(a)(2) because the record shows that, although the theft charge was dismissed, Rodriguez was convicted of a Class C offense for issuing a bad check. Thus, the charge resulted in a final conviction rendering Rodriguez's records ineligible for expunction. *Tex. Dep't of Pub. Safety v. Aytonk,* 5 S.W.3d 787 (Tex.App.-San Antonio 1999, no pet.).

### III. *Validity of Conviction*

■ Rodriguez asserts, and the trial court found, that the judgment convicting her of issuing a bad check is null and void because the trial court, a county court at law, had no jurisdiction over a Class C offense.[1] We disagree.

### A. *Justice Court Jurisdiction.*

A justice court has original jurisdiction in misdemeanor criminal cases that are punishable by a fine only. TEX. CONST. art. V, § 19; TEX.CODE CRIM. PROC. ANN. art. 4.11 (Vernon 2005). A municipal court also has such jurisdiction. TEX.CODE CRIM. PROC. ANN. art. 4.14 (Vernon 2005). Because the offense of issuing a bad check is a Class C misdemeanor punishable only by a fine,[2] a justice court or municipal court would have had jurisdiction to convict Rod-

riguez of that offense. Nothing in Article V, section 19; Article 4.11; or Article 4.14, however, provides that such jurisdiction is exclusive.

### B. *County Court Jurisdiction.*

A county court at law generally has jurisdiction over all causes and proceedings prescribed by law for county courts. TEX. GOV'T CODE ANN. § 25.0003(a) (Vernon Supp.2006). TEX. GOV'T CODE ANN. § 26.045 (Vernon 2004) provides that "a county court has *exclusive* original jurisdiction of misdemeanors other than misdemeanors involving official misconduct and cases in which the highest fine that may be imposed is $500 or less" (emphasis added).[3] TEX.CODE CRIM. PROC. ANN. art. 4.07 (Vernon 2005) provides that a county court has "original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court, and when the fine to be imposed shall exceed five hundred dollars."

Although Article 4.07's language seems to limit the jurisdiction of county courts to those cases in which the fine could exceed $500 and, thus, to exclude jurisdiction in cases in which the fine could not exceed $500, this interpretation was first rejected in 1878. *See Solon v. State,* 5 Tex. Ct.App. 301 (1878). The Texas Court of Criminal Appeals has consistently applied this construction of the county court's jurisdiction since.[4] In *Solon,* the court reasoned:

1. Although the State asserts that the judgment may not be collaterally attacked in an expunction proceeding, we note that a conviction may be challenged by collateral attack as being void. *See Galloway v. State,* 578 S.W.2d 142 (Tex.Crim.App.1979).

2. TEX. PEN.CODE ANN. § 12.23 (Vernon 2003) provides that a person convicted of a Class C misdemeanor shall be punished by a fine not to exceed $500.

3. We note that Section 26.045's grant of exclusive jurisdiction to county courts in criminal cases in which the fine may exceed $500 has been determined to be unconstitutional as a violation of TEX. CONST. art. V, § 19, which grants jurisdiction to justice courts in criminal cases punishable by a fine only, regardless of the amount of the potential fine. Op. Tex. Att'y Gen. No. DM–285, n. 4 (1994); *see also* Op. Tex. Att'y Gen. No. DM–277 (1993).

4. *See Fouke v. State,* 529 S.W.2d 772, 773 (Tex.Crim.App.1975); *Gamble v. State,* 466

[T]he fact that the original jurisdiction of the County Court is limited ... to cases where the fine to be imposed shall exceed $200 [5] does not, as we conceive, deprive it of *concurrent* jurisdiction in cases where the fine to be imposed is less than $200, except in those cases where exclusive jurisdiction was already given to the justices' courts.

When *Solon* was decided, the relevant language was in TEX. CONST. art. V, § 16.[6] This provision has been comprehensively rewritten since, and the relevant language is now Article 4.07.[7] The fact that this language is now contained within a statute rather than a constitutional provision is of no consequence, and nothing in the present version of Article V, section 16 alters our analysis. In this case, no statute excluded the county court's jurisdiction or provided for exclusive jurisdiction in a justice or municipal court; therefore, jurisdiction in those courts was concurrent. Consequently, we conclude that Rodriguez's conviction for issuing a bad check is not void and that the trial court erred in determining that it was void.

## IV. *Holding*

Because Rodriguez did not meet the requirements of Article 55.01(a)(2)(B), she was not entitled to have her records expunged. Therefore, we hold the trial court did not abuse its discretion in denying Rodriguez's request for expunction. The first issue for review is overruled. We need not address Rodriguez's second and third issues since the first issue is dispositive of the appeal. TEX.R.APP. P. 47.1.

S.W.2d 556, 558 n. 2 (Tex.Crim.App.1971) (stating that county courts have concurrent jurisdiction over all misdemeanors with the justice and corporation courts even though the punishment for the misdemeanor is by a fine of not more than $200); *Hullum v. State,* 415 S.W.2d 192 (Tex.Crim.App.1966); *Skaggs v. State,* 157 Tex.Crim. 195, 247 S.W.2d 906 (Tex.Crim.App.1952); *Rose v. State,* 148 Tex. Crim. 82, 184 S.W.2d 617 (Tex.Crim.App. 1944) (county court and justice court have concurrent jurisdiction in theft cases where value of property is less than $5); *Young v. State,* 139 Tex.Crim. 509, 141 S.W.2d 315, 317 (Tex.Crim.App.1940); *Patterson v. State,* 122 Tex.Crim. 502, 56 S.W.2d 458 (Tex.Crim. App.1933).

We note that in *Burke v. State,* 915 S.W.2d 551, 553 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd), the court's opinion suggests that county courts do not have jurisdiction unless the maximum fine is greater than $500. That language, however, was not essential to the court's holding because the potential fine was $1,000 and the defendant's argument was that county courts do not have jurisdiction when the only possible punishment is a fine. Consequently, the court was not called upon to decide the county court's jurisdiction if the maximum fine was $500 or less.

**5.** We note that, prior to amendment, the limitation in Article 4.07 was $200, instead of the current $500.

**6.** This provision provided: "[T]he County Courts shall have original jurisdiction in all misdemeanors of which exclusive original jurisdiction is not given to the justice's court, or may be hereafter prescribed by law, and where the fine to be imposed shall exceed two hundred dollars." *See Solon,* 5 Tex. Ct.App. 301.

**7.** Section 16 now reads:

The County Court has jurisdiction as provided by law. The County Judge is the presiding officer of the County Court and has judicial functions as provided by law. County court judges shall have the power to issue writs necessary to enforce their jurisdiction.

County Courts in existence on the effective date of this amendment are continued unless otherwise provided by law.

When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law.

The judgment of the trial court is affirmed.