# IN THE SUPREME COURT OF TEXAS

No. 19-1051

EX PARTE R.P.G.P.

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

**Argued January 6, 2021**

JUSTICE GUZMAN delivered the opinion of the Court, in which CHIEF JUSTICE HECHT, JUSTICE LEHRMANN, JUSTICE BOYD, JUSTICE DEVINE, and JUSTICE BUSBY joined.

JUSTICE BLAND filed a dissenting opinion, in which JUSTICE BLACKLOCK and JUSTICE HUDDLE joined.

This expunction case presents a straightforward, but confounding, statutory-construction issue: whether an arrest involving multiple offenses is divisible for purposes of expunging arrest records under Article 55.01 of the Texas Code of Criminal Procedure. Most appellate courts have favored an "arrest-based" construction of the statute that treats the offenses collectively over an "offense-based" approach that considers the offenses individually for expunction purposes. Under the arrest-based approach, which the court of appeals applied here, expunction is available only if all the offenses comprising an arrest are eligible for expunction.

We recently considered a partial expunction issue in *State v. T.S.N.*, in which a single arrest involved multiple wholly unrelated offenses.[1] We held that partial expunction of the arrest record

---

[1] 547 S.W.3d 617, 619 (Tex. 2018).

was required and could be achieved through redaction, leaving intact the arrest record with respect to an unrelated offense that was not eligible for expunction.[2] In so holding, we observed that "Article 55.01 is neither entirely arrest-based nor offense-based" and held that statutory language in Article 55.01(a)(1), which permits expunction on the basis of an acquittal or pardon, cannot be squared with an arrest-based approach.[3] We noted, however, that Article 55.01(a)(2), which concerns dismissals and plea bargains, has different requirements and addresses different factual scenarios than the acquittal and pardon provisions.[4] In *T.S.N.*, we declined to consider whether an arrest-based construction would comport with Article 55.01(a)(2)'s language.[5] That open question is central to the disposition of this appeal, and we hold that under Article 55.01(a)(2)(A), misdemeanor offenses are eligible for expunction on an individual basis. Because the petitioner is entitled to partial expunction of his arrest records, we reverse the court of appeals' contrary judgment.

## I. Background

R.P.G.P. was arrested for driving while intoxicated (DWI) with a blood alcohol level of at least .15. In an inventory search of his vehicle, a small amount of marijuana was discovered. R.P.G.P. was subsequently charged with two offenses: misdemeanor DWI and misdemeanor possession. Following R.P.G.P.'s successful completion of a pretrial intervention program, the DWI charge was dismissed. The possession charge, to which R.P.G.P. pleaded no contest, was dismissed after he served nine months of deferred adjudication probation.

---

[2] *Id.* at 624.

[3] *Id.* at 623-24 (construing Article 55.01(a)(1) as authorizing partial expunction and partial redaction of arrest records for individual offenses).

[4] *See id.* at 623.

[5] *Id.*

2

After both charges had been dismissed, R.P.G.P. filed a petition to expunge the DWI arrest records pursuant to Article 55.01(a)(2)(A) of the Code of Criminal Procedure. The State opposed the partial expunction request on the basis that arrest records cannot be expunged as to any single offense unless all charges stemming from the arrest are eligible for expunction under Article 55.01. The possession charge was ineligible for expunction because R.P.G.P. had served the equivalent of court-ordered community supervision for that charge,[6] so the State argued that no part of the arrest records could be expunged.

While the expunction petition was pending, the trial court signed a nondisclosure order for the possession charge. A nondisclosure order limits the ability of a criminal justice agency to disclose information about criminal history that is the subject of the order.[7] At the expunction hearing, R.P.G.P. argued the nondisclosure order shielded him from questioning about the possession charge, but the trial court overruled his objection. Based on R.P.G.P.'s testimony that he had been placed on community supervision for the possession offense, the trial court denied the expunction petition as to the DWI offense.

The court of appeals affirmed in a split decision.[8] Although the majority held that R.P.G.P. was properly questioned about the marijuana charge, the court's stated rationale is somewhat opaque.[9] The court did not agree with the State that the nondisclosure statute permits disclosure in connection with expunction proceedings.[10] Instead, the court construed the expunction statute

---

[6] *See* TEX. CODE CRIM. PROC. art. 55.01(a)(2) (stating expunction is available if there is "no court-ordered community supervision" for a charge, if any).

[7] *See* TEX. GOV'T CODE § 411.0765 (limiting the ability of a criminal justice agency to disclose criminal history record information that is subject to a nondisclosure order).

[8] 606 S.W.3d 755 (Tex. App.—San Antonio 2019).

[9] *Id.* at 759-61.

[10] *Id.* at 759.

3

as requiring "the trial court to review the entire criminal transaction surrounding the arrest," which necessarily included making inquiry about "any and all offenses or charges stemming from the same transaction from which an individual seeks an expunction."[11]  Viewing Article 55.01(a)(2)(A) as mandating consideration of the arrest transaction in its entirety, the court explained that a nondisclosure order could not be used to circumvent the transactional inquiry.[12]

On the expunction petition's merits, the court rejected R.P.G.P.'s argument that *State v. T.S.N.* categorically precludes an arrest-based construction of the expunction statute.[13]  Following the court of appeals' pre-*T.S.N.* precedent, the court held that arrest records for the DWI charge are not expungable under Article 55.01(a)(2) because R.P.G.P. received community supervision for the possession charge and that charge was related to and arose out of the "same transaction" as the DWI offense.[14]

The dissent disagreed on both counts, asserting that (1) Article 55.01(a)(2) permits expunction of individual offenses and (2) R.P.G.P. was not required to disclose the possession charge because expunction proceedings are not excepted from the nondisclosure statute's constraints.[15]  For those reasons, the dissent concluded that R.P.G.P. is entitled to expunction of the DWI arrest records.[16]

R.P.G.P.'s petition for review presents challenges to the appellate court's disposition of both issues.  We agree with R.P.G.P. that Article 55.01(a)(2) is an offense-based expunction

---

[11] *Id.* at 761.

[12] *Id.*

[13] *Id.* at 760-61 (discussing *State v. T.S.N.*, 547 S.W.3d 617, 623-24 (Tex. 2018)).

[14] *Id.* at 761-62.

[15] *Id.* at 773-74.

[16] *Id.* at 774.

4

provision and, with respect to misdemeanor offenses, the proviso in Article 55.01(a)(2)(A) is also offense-based. Accordingly, we do not reach his alternative argument that the trial court erred in compelling his testimony regarding a nondisclosed offense.

## II. Discussion

### A. Expunction

Expunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure.[17] An expunction order allows the person arrested to "deny the occurrence of the arrest and [deny] the existence of the expunction order [except in a criminal proceeding]" and prohibits governmental and private entities named in the order from releasing, maintaining, disseminating, or using the expunged records and files "for any purpose."[18] Because the remedy is a privilege defined by the Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts.[19]

At issue here is R.P.G.P.'s asserted entitlement to an order expunging his DWI arrest records under Article 55.01(a)(2)(A)(ii)(c), which allows a person arrested for commission of a felony or misdemeanor to expunge "all records and files relating to the arrest" if:

(1) the person has been released;

(2) "the charge, if any, has not resulted in a final conviction";

(3) "the charge, if any . . . is no longer pending";

(4) "there was no court ordered community supervision under Chapter 42A for the offense"[20]; and

---

[17] *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020).

[18] TEX. CODE CRIM. PROC. art. 55.03.

[19] *Ex parte E.H.*, 602 S.W.3d at 489.

[20] This requirement is inapplicable to Class C misdemeanors. TEX. CODE CRIM. PROC. art. 55.01(a)(2).

(5) "***provided that***" certain disjunctively stated conditions are satisfied.[21]

As applicable here, expunction is available on satisfaction of the foregoing prerequisites "provided that":

> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information [1] charging the person with the commission of a *misdemeanor offense based on the person's arrest* or [2] charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>
> . . . .
>
>> (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information *was dismissed or quashed because*:
>
> . . . .
>
>>> (c) the person completed a pretrial intervention program . . . [.][22]

The parties agree that R.P.G.P.'s arrest records for the misdemeanor DWI charge would be eligible for expunction if the arrest had been only for that offense, because on an individual basis, both the prerequisites and the conditions in the proviso are satisfied as to that offense. But because the arrest involved multiple misdemeanor offenses, the point of dissension between the parties is whether the language setting out the prerequisites in subarticle (a)(2) and the language in the applicable proviso—subarticle (a)(2)(A)(ii)(c)—require the offenses to be viewed collectively for expunction purposes, precluding partial expunction of the arrest records. If the relevant provisions are arrest-based, R.P.G.P.'s DWI arrest records would not be expungable under the all-or-nothing

---

[21] *Id.* (emphasis added).

[22] *Id.* art. 55.01(a)(2)(A)(ii)(c) (emphases added).

6

approach the court of appeals applied because the possession offense is concededly ineligible for expunction under any provision in Article 55.01.

## B. Standard of Review

A trial court's expunction order is reviewed for abuse of discretion, but the meaning of a statute is a question of law reviewed de novo.[23]  Statutes are analyzed "'as a cohesive, contextual whole' with the goal of effectuating the Legislature's intent," which we presume is a "just and reasonable result."[24]  Unless the context or the statute instructs otherwise, our analysis begins with the plain language of the statute read in context, not in isolation.[25]  Past versions of a statute may also be consulted to discern intent with respect to language that has been amended to its current form.[26]

## C. Split of Authority

Our courts of appeals are not aligned in their approach to expunction of arrest records involving multiple offenses.  Under the prevailing view, Article 55.01(a)(2) mandates an arrest-based approach, but what that means differs depending on the jurisdiction.  Most courts deny expunction unless the petitioner establishes that multiple offenses comprising an arrest are eligible

---

[23] *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018).

[24] *Id.*

[25] *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015).

[26] *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009) ("We give weight to the deletion of [an enacted] phrase . . . since we presume that deletions are intentional and that lawmakers enact statutes with complete knowledge of existing law."); *see Ojo v. Farmers Grp., Inc.*, 356 S.W.3d 421, 445 n.31 (Tex. 2011) (Willett, J., concurring) ("Variations in enacted text can lend helpful interpretive context, and nobody should quarrel with examining how an enacted statute changes over time.").

for expunction.[27]  Under this all-or-nothing approach, the facts and circumstances of the offenses and their relatedness to one another are irrelevant.[28]  Several courts have deferred answering whether Article 55.01(a)(2)(A) is categorically arrest-based by finding it sufficient to deny a partial expunction when eligible and ineligible offenses arise from the same criminal episode or transaction.[29]  In a similar vein, the First Court of Appeals has recognized a false dichotomy between categorically offense-based and categorically arrest-based constructions of the statute, advocating for a "more nuanced approach . . . that considers the arrest as a whole while recognizing that when more than one offense is charged, all charges may not necessarily stem from the same

---

[27] *See, e.g.*, *Ex parte J.L.*, No. 02-17-00406-CV, 2018 WL 4183081, at *3 (Tex. App.—Fort Worth Aug. 31, 2018, no pet.) (mem. op.) ("We have previously held that subsection (a)(2) is *arrest*-based and that a person seeking expunction must meet the requirements of article 55.01(a)(2) for *all* charges arising from the same arrest."); *T.H. v. Tex. Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 WL 5874869, at *4 (Tex. App.—Austin Oct. 6, 2016, no pet.) (mem. op.) (holding "that the current expunction statute maintains an arrest as the unit of expunction and that, consequently, a petitioner must prove that each charge arising from the arrest satisfies the requirements of article 55.01"); *Ex parte Bradshaw*, No. 05-17-01424-CV, 2018 WL 6065099, at *4 (Tex. App.—Dallas Nov. 20, 2018, no pet.) (mem. op.) (concluding that Article 55.01(a)(2) maintains an arrest as the unit of expunction); *Ex parte F.M.J.*, No. 13-19-00398-CV, 2020 WL 4382011, at *2 (Tex. App.—Corpus Christi July 30, 2020, no pet.) (mem. op.) ("[A] petitioner is not entitled to an expunction under article 55.01(a)(2) if the petitioner's arrest resulted in a final conviction on any charge."); *Ex parte C.Z.D.*, No. 12-17-00373-CV, 2018 WL 3041145, at *2 (Tex. App.—Tyler June 20, 2018, no pet.) (mem. op.) (concluding Article 55.01(a)(2) "is 'arrest-based' and expunction is not available for less than all offenses arising from one arrest").

[28] *See Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, at *3 (Tex. App.—San Antonio Dec. 28, 2016, pet. denied) (mem. op.) ("The facts of the cases . . . have no effect on the application of the expunction statute.  It is a bright line rule.  If a defendant is arrested and charged with two or more offenses arising from that arrest, the statute does not allow the records relating to any of those offenses to be expunged if the defendant was convicted or placed on court-ordered community supervision for any of the offenses.").

[29] *See, e.g.*, *Harris Cty. Dist. Attorney's Office v. C.D.F.*, No. 01-19-00079-CV, 2020 WL 7502050, at *5-6 (Tex. App.—Houston [1st Dist.] Dec. 22, 2020, no pet.) (mem. op.) (adopting an arrest-based approach where all charges arise from the same criminal episode); *Mitchell v. State*, No. 09-20-00060-CV, 2020 WL 6494209, at *3 (Tex. App.—Beaumont Nov. 5, 2020, no pet.) (mem. op.) (holding that all charges arising from the same criminal episode for which the petitioner was convicted could not be expunged under Article 55.01(c)); *cf. Ex parte R.P.G.P.*, 606 S.W.3d 755, 761 (Tex. App.—San Antonio 2019, pet. granted) (holding the expunction statute "necessarily requires an inquiry into any and all offenses or charges stemming from the same transaction from which an individual seeks an expunction").

criminal episode."[30]  To that end, that court appears to stand alone in taking an offense-based approach "at least when the charges are unrelated."[31]

Many courts have yet to weigh in on the debate,[32] but several courts adopting an arrest-based interpretation have held that a charge dismissed as part of a plea agreement is part of the same arrest as the other charges in the plea agreement.[33]  Employing a less prevalent construction, the Sixth Court of Appeals takes an arrest-based approach under Article 55.01(a)(2)(A) only for post-arrest charges that "may have been filed in place of the original charge[s]" for which the petitioner was initially arrested and requires any such subsequent charges to also be eligible for expunction.[34]

Until now, this Court has had no occasion to address the matter, but we flagged the issue in *State v. T.S.N.*, which involved a similar partial expunction question under a different

---

[30] *C.D.F.*, 2020 WL 7502050, at *5.

[31] *Ex parte N.B.J.*, 552 S.W.3d 376, 384 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

[32] *See Ex parte D.S.*, No. 07-18-00399-CV, 2019 WL 2134030, at *2-3 (Tex. App.—Amarillo May 15, 2019, no pet.) (mem. op.); *Matter of O.A.T.*, No. 08-19-00284-CV, 2020 WL 5105212, at *4-5 (Tex. App.—El Paso Aug. 31, 2020, no pet.); *Ex parte R.L.S.*, No. 10-16-00278-CV, 2018 WL 1866983, at *3 (Tex. App.—Waco Apr. 18, 2018, no pet.) (mem. op.).  In *R.L.S.*, the Tenth Court of Appeals purported to take no stance as to whether Article 55.01(a)(2) is offense or arrest based but, at the same time, held that "the statute does not address or make allowances for the expunction of individual offenses stemming from an arrest," which is tantamount to an arrest-based interpretation. 2018 WL 1866983, at *3.

[33] *See R.G. v. Harris Cty. Dist. Attorney's Office*, 611 S.W.3d 69, 76-77 (Tex. App.—Houston [14th Dist.] 2020, pet. filed) (agreeing with the proposition that "a party is not entitled to expunction under subsection 55.01(a)(2) of a dismissed charge when . . . that charge was dismissed as part of a plea agreement as to another charge arising from the same arrest"); *Tex. Dep't of Pub. Safety v. Schuetze*, No. 13-17-00661-CV, 2019 WL 150650, at *5 (Tex. App.—Corpus Christi Jan. 10, 2019, no pet.) (mem. op.) (holding that petitioner could not expunge three dismissed charges because they were part of the same plea agreement as the remaining fourth offense for which he was convicted); *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 629-30 (Tex. App.—Austin 2014, no pet.) (holding that a dismissed charge could not be expunged because the petitioner was convicted of another charge pursuant to the same plea agreement); *Rodriguez v. State*, 224 S.W.3d 783, 784-85 (Tex. App.—Eastland 2007, no pet.) (holding that petitioner could not expunge a dismissed charge because she was convicted of another charge pursuant to the same plea agreement); *cf. Matter of J.G.*, 588 S.W.3d 290, 294 (Tex. App.—El Paso 2019, no pet.) (holding that petitioner could not expunge two charges that were dismissed because they were part of the same plea agreement as a third charge to which he pleaded guilty).

[34] *See Ex parte Barham*, 534 S.W.3d 547, 551-54 (Tex. App.—Texarkana 2017, no pet.).

Article 55.01 expunction provision.[35]  *T.S.N.* rejected an arrest-based construction of Article 55.01(a)(1), which applies to acquittals and pardons, as unsupported by the statutory language.[36]  We further held that notwithstanding "the practical difficulties posed by partial expunctions and redactions," the Legislature has "demonstrated acceptance of selective redaction and expunction of records as valid remedial actions."[37]  Our analysis in *T.S.N.* is instructive.

T.S.N. was simultaneously arrested for two wholly unrelated charges.  In 2013, she was arrested for assault,[38] and during the arrest process, the officer discovered an outstanding warrant for her arrest on a 2010 charge of theft by check.[39]  T.S.N. pleaded guilty to the theft charge but not guilty to the assault charge, for which she was later acquitted.[40]  Following her acquittal, T.S.N. filed a petition to expunge the arrest records for the assault charge under Article 55.01(a)(1)(A), which permits expunction if "the person is tried for the offense for which the person was arrested" and is "acquitted by the trial court" unless "the offense . . . arose out of a criminal episode . . . and the person was convicted of or remains subject to prosecution for at least one other offense occurring during the criminal episode."[41]  The trial court granted the expunction request, the court of appeals affirmed, and the State appealed.[42]

---

[35] 547 S.W.3d 617, 623 (Tex. 2018).

[36] *Id.*

[37] *Id.* at 624.

[38] *Id.* at 618.

[39] *Id.*

[40] *Id.*

[41] *Id.*; TEX. CODE. CRIM. PROC. art. 55.01(a)(1)(A), (c).

[42] *T.S.N.*, 547 S.W.3d at 619.

We also affirmed the judgment requiring partial expunction of the arrest records.[43] The State had argued that "the overriding structure of article 55.01 uses 'arrest' as the unit of measurement" for expunction because Article 55.01(a)'s prefatory language permitting expunction as to "all records and files *relating to* the arrest" requires an all-or-nothing approach to multiple-offense arrests.[44] We rejected the State's argument even though "several courts of appeals that [had] addressed the question [had] broadly concluded that article 55.01 in its entirety is arrest-based."[45] We observed that, from a textual perspective, "Article 55.01 is neither entirely arrest-based nor [entirely] offense-based," and with respect to the particular subarticle at issue there—Article 55.01(a)(1)—we held the statute is offense-based and permits partial expunction as to individual offenses.[46] This is so because Article 55.01(a)(1) focuses on "*the* offense," linking arrest records to a single offense. That is to say, the statute recognizes that an arrest for multiple offenses is the functional equivalent of individual arrests for each individual offense.[47] For that reason, "Article 55.01(a)(1)(A) entitl[ed] T.S.N. to expunction of all records and files relating to her arrest for the assault charge for which she was tried and acquitted" even though the arrest record could not be expunged with respect to the theft charge.[48]

Our text-based construction of Article 55.01(a)(1)(A) was further buttressed by consideration of the statutory text as a whole. In that regard, we noted that applying an arrest-based approach to Article 55.01(a)(1)(A), contrary to its offense-based focus, would render superfluous

---

[43] *Id*. at 624.

[44] *Id.* at 621 (emphasis added) (citing and quoting TEX. CODE CRIM. PROC. art 55.01(a)).

[45] *Id.* at 622-23.

[46] *Id.* at 623-24.

[47] *Id.* at 621.

[48] *Id.* at 624.

11

Article 55.01(c)'s against expunction for acquitted charges that are part of a "criminal episode."[49]

That prohibition would be unnecessary "[i]f the Legislature intended that all the offenses underlying a single arrest must meet the requirements for expunction under article 55.01(a)(1)(A) in order for expunction to be permitted."[50] Thus, although Article 55.01(a)(1) is offense based, the criminal-episode exception in Article 55.01(c) effectively converts it into an arrest-based provision when a person is arrested for multiple offenses arising out of the same "criminal episode" as that term is defined in Section 3.01 of the Penal Code.[51] Article 55.01(c) did not apply in *T.S.N.* because the theft-by-check offense was independent of the assault offense, but the criminal-episode exception in that subarticle was nevertheless significant with respect to

---

[49] *Id.* at 622.

[50] *Id.*

[51] Today's dissent summarily concludes that R.P.G.P.'s DWI and possession charges are not eligible for expunction as individual offenses because they "amount to the same 'criminal episode.'" *Post* at 8-9. The "criminal episode" exception to expunction applies only to expunctions based on an acquittal and has no application here. Moreover, to the extent that exception is at all relevant to the "based on" standard in subarticle 55.01(a)(2)(A), the dissent does not cite or discuss the definition of "criminal episode" nor identify any evidence that R.P.G.P.'s two offenses meet the definition of that term. The "criminal episode" exception applies only when "two or more offenses . . . are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or . . . are the repeated commission of the same or similar offenses." TEX. PENAL CODE § 3.01; *see* TEX. CODE CRIM. PROC. art. 55.01(c) (adopting the penal code definition of the term). Mere contemporaneous arrest does not establish any connectedness between offenses. Such was the case in *T.S.N.*, where the petitioner was contemporaneously arrested for theft-by-check and assault, two unrelated offenses. And while a possession charge could be connected to an intoxication charge, that is not necessarily so, and the record here bears no evidence to support that the two offenses are related in any way except to the extent that R.P.G.P.'s arrest for one led to the discovery of the other. To the contrary, the record shows R.P.G.P. was charged with driving under the influence of alcohol, not marijuana. The record thus refutes the dissent's intimation that R.P.G.P.'s marijuana possession offense was related to his intoxication charge. *See post* at 8-9 (declaring that "driving while intoxicated while possessing an intoxicating substance amount[s] to the same 'criminal episode'").

The dissent also summarily asserts that R.P.G.P. would bear the burden of proving that the two offenses are *not* part of the same criminal episode. *Post* at 9 n.18. Because the criminal-episode exception applies only to acquittals, we need not decide who bears the burden of proving the exception's applicability. We note, however, that the party seeking the benefit of a statutory exception generally bears the burden of proving it. *See, e.g.*, *Fed. Trade Comm'n v. Morton Salt Co.*, 334 U.S. 37, 44-45 (1948) (applying "the general rule of statutory construction that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits"); *Eckman v. Centennial Sav. Bank*, 784 S.W.2d 672, 674-75 (Tex. 1990) (holding the defendant has the burden to plead and prove, "as an affirmative defense," the applicability of a statutory exception to "business consumer" status with respect to a DTPA claim); *Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex. 1972) (holding that the initial burden to establish a homestead exemption is on the party claiming the exemption).

12

confirming the Legislature's intent as manifested in Article 55.01(a)(1). If that expunction ground were already arrest-based, as the State had argued, Article 55.01(c)'s criminal-episode exception would be nothing more than a meaningless redundancy.[52]

In analyzing Article 55.01(a)(1), we acknowledged that several courts of appeals have interpreted the provision at issue here—Article 55.01(a)(2)—as being arrest-based.[53] But we noted that the two expunction provisions are "quite different."[54] That is, "[u]nder (a)(1), the acquittal or pardon is the only prerequisite to expunction. Whereas under (a)(2), the dismissal or plea bargain is only the beginning of the analysis."[55] But because "[t]he expunction scheme under subsection (a)(2) [was] not at issue[,] we express[ed] no opinion about it."[56]

We concluded our analysis in *T.S.N.* by rejecting an argument raised in an amicus brief and adopted by today's dissenting justices: that arrest records are not severable for expunction purposes and are not amenable to selective redaction and expunction.[57] While acknowledging the "practical difficulties" of partial redaction of arrest records to facilitate expunction as to individual offenses, we observed that portions of Article 55.02 demonstrated that the Legislature had contemplated and embraced the practice.[58]

---

[52] *T.S.N.*, 547 S.W.3d at 622.

[53] *Id.*

[54] *Id*.

[55] *Id*. (internal citations omitted).

[56] *Id.* at 623.

[57] *Id.* at 623-24; *see post* at 10.

[58] *T.S.N.*, 547 S.W.3d at 624 (citing TEX. CODE CRIM. PROC. art 55.02(4)-(5)).

The year after *T.S.N.* issued, the Legislature amended portions of Articles 55.01 and 55.02 but left our construction of the statute entirely undisturbed.[59]

**D. Expunction Based on Dismissal or Plea Bargain under Article 55.01(a)(2)**

Though not at issue in *T.S.N.*, the Article 55.01(a)(2) expunction scheme is central to the disposition of R.P.G.P.'s petition, and on the question we left open in *T.S.N.*, he argues our analysis there compels an offense-based construction here. The State urges the converse, relying on a host of court of appeals opinions to support the argument that expunction is unavailable for R.P.G.P.'s dismissed offense because that offense is based on the same arrest as the misdemeanor possession offense for which he served community supervision. This conclusion is especially clear, the State exhorts, because R.P.G.P.'s offenses were related and subject to the same plea-bargain agreement. Whether the offenses are considered to be related because they arise from the same arrest, arise from the same transaction, or are part of a comprehensive plea bargain, the State argues that R.P.G.P. cannot expunge the arrest records for the DWI arrest because the arrest records for the marijuana possession offense are ineligible for expunction under any Article 55.01 provision.

Construing the statute contextually and affording meaning to each word, we hold that the prerequisites to expunction in Article 55.01(a)(2) are offense-based, and the conditions in the applicable proviso—Article 55.01(a)(2)(A)(ii)(c)—are also offense-based with regard to misdemeanors.

**i. The Prerequisites**

Similar to our interpretation of Article 55.01(a)(1) in *T.S.N.*, subarticle (a)(2) links an arrest to a single offense. Article 55.01(a)(2) states that a person may expunge arrest records if "*the*

---

[59] *See* Act of May 26, 2019, 86th Leg., R.S., ch. 1212, §§ 19, 20, 2019 Tex. Gen. Laws 3432, 3437-39.

*charge*, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for *the offense* . . . ."[60] The use of "the" in referring to "the charge" and "the offense" indicates the Legislature, as with Article 55.01(a)(1), intended to tie an arrest to a single offense under Article 55.01(a)(2). On this point, the Court is unanimous.[61]

Comparing the current version of Article 55.01(a)(2) with the wording of the statute prior to its amendment in 2011 buttresses our interpretation. The prior version permitted expunction of all records relating to an arrest if "the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 for *any* offense . . . ."[62] In 2011, the Legislature replaced "any" offense with "the" offense with regard to the community-service prerequisite.[63] "Any" means "one, some, or all indiscriminately of whatever quantity," as compared to "the," a definite article.[64] Insofar as "any" encompasses "all," the prior version of Article 55.01(a)(2) implied that eligibility for expunction required that a petitioner did not serve community supervision for *all* the offenses comprising an arrest. The original phrasing does not tie an arrest to a single offense but to all offenses. The alteration from "any" to "the" indicates the Legislature's intent to change, or at least clarify, that arrests are tied to single offenses for purposes of satisfying the requirements in (a)(2).

---

[60] (Emphases added.)

[61] *See post* at 4.

[62] Act of May 31, 2009, 81st Leg., R.S., ch. 1103, § 17(b), 2009 Tex. Gen. Laws 3010, 3019-20, *amended by* Act of May 25, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275-76 (emphasis added).

[63] Act of May 25, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Gen. Laws 2275, 2275-76.

[64] *Any*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1993).

### ii. The Proviso

For similar reasons, subarticle (a)(2)(A) of Article 55.01 is also offense-based for misdemeanors. This subarticle introduces disjunctively listed conditions that limit the right to expunction that would otherwise exist under Article 55.01(a)(2). The proviso's conditions vary depending on whether an indictment or information has been presented and whether the petitioner was charged with "*a* misdemeanor" or "*any* felony," and if the prerequisite is satisfied, requires expunction "provided that":

> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information [1] charging the person with the commission of *a misdemeanor offense based on the person's arrest* or [2] charging the person with the commission of *any felony offense arising out of the same transaction for which the person was arrested*:
>
>> (i) *has not been presented* against the person at any time following the arrest, and [either various time periods have elapsed that depend on the severity of the offense and the severity of any related charges or, without regard to the passage of time, the state's attorney has certified that the applicable arrest records are not needed for use in any criminal investigation or prosecution]; or
>>
>> (ii) [*has been presented*] at any time following the arrest, [but] was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed [for specifically enumerated reasons][.][65]

Just as the subarticle (a)(2) prerequisite employs language that refers to an individual offense, so too does the subarticle (a)(2)(A) proviso. The proviso directly refers back to "the offense" described in the prerequisite until the proviso's discussion of felonies, at which point the statute shifts to plural language for the first time. The juxtaposition between the singular language used for misdemeanors and the plural language used for felonies demonstrates that an offense-based

---

[65] TEX. CODE CRIM. PROC. art 55.01(a)(2)(A) (emphases added).

interpretation applies to misdemeanors while an arrest-based interpretation applies when much more serious crimes—felonies—are involved.

From the (a)(2) prerequisites up until the felony language in the (a)(2)(A) proviso, the statute uses only singular language to describe an expungable offense. The first clause in the (a)(2)(A) proviso uses the phrase "the offense," directly following the same singular language in the (a)(2) prerequisites. The phrase "the offense" in both subarticles thus refers to the same offense—the offense whose arrest records are sought to be expunged—and sets the scope of the text that follows.

Subarticle (a)(2)(A)'s reference to "the offense" is carried forward in the proviso through the use of singular language to describe "an" information or indictment and, following that phrasing, "a" misdemeanor offense. "An" in "an indictment or information" and "a" in "a misdemeanor offense" are singular and have identical definitions. "An" and "a" in this context are defined as "function word[s] before *singular* nouns when the referent is unspecified."[66] Given that both "an indictment" and "a misdemeanor" are singular and that the language prior to those terms refers to the offense records sought to be expunged, it stands to reason that "an indictment" and "a misdemeanor" makes the subarticle (a)(2)(A) proviso refer back to "the offense" under the subarticle (a)(2) prerequisite.

One could argue that "a" and "an" are not actually singular here. "A" and "an" can also mean "any," and "any" can be both singular and plural.[67] If "a" and "an" are plural, then "an indictment" and "a misdemeanor" mean "any indictment" and "any misdemeanor," which supports

---

[66] MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1993) (defining "a" and "an" and referring to entry 2 of "a" for the definition of "an") (emphasis added).

[67] *Id.* (defining "a", "an", and "any").

an arrest-based interpretation of Article 55.01(a)(2)(A). But the difference between how misdemeanors and felonies are treated in the remainder of subarticle (a)(2)(A) illustrates that although "any" is plural for felonies, "a" and "an" are singular for misdemeanors.

Subarticle (a)(2)(A) contrasts an indictment "charging the person with the commission of *a* misdemeanor offense based on the person's arrest" with an indictment "charging the person with the commission of *any* felony offense *arising out of the same transaction* for which the person was arrested."[68] The use of the word "any" together with the phrase "arising out of the same transaction" clarifies that Article 55.01(a)(2)(A) is not offense-based for felonies. The "arising out of the same transaction" language indicates that "any felony offense" includes *all* felony offenses sufficiently connected to the charge whose arrest records are sought to be expunged. It makes little sense to say one felony offense arises "out of the same transaction" as itself. "Any" and "arising out of the same transaction" break the continuity of the prior offense-based language.

Contrasted with how felonies are treated, the Legislature chose to use the word "a" to describe misdemeanors instead of "any." And unlike the language describing felony offenses, the misdemeanor language is not modified by expansive "arising out of the same transaction" language. Thus, the opposition between "a misdemeanor" and "any felony" indicates that "a" is singular and, consistent with the language before it, is describing the offense whose arrest records are to be expunged. "A" being singular for misdemeanors makes "an indictment" singular with regard to misdemeanors whereas the plural "any" for felonies makes "an indictment" plural with regard to felonies.

---

[68] (Emphases added.)

The above analysis helps explain that an indictment or information "based on the person's arrest" is referring to the misdemeanor offense or charge whose arrest records the petitioner is seeking to expunge. This meaning is elucidated by the preceding language in subarticles (a)(2) and (a)(2)(A) concerning only that offense or charge. The phrase "based on the person's arrest" also accentuates the differing treatment of the offense-based standard for misdemeanors and the arrest-based standard for felonies. The expansive felony language introduces offenses other than the offense whose records are sought to be expunged and the "based on the person's arrest" language serves, through contrast, to highlight that break.[69]

The language in Article 55.01(a)(2)(A)(i), which concerns charging documents under Article 55.01(a)(2)(A) that have not been presented against a petitioner at any time following his arrest, confirms the textual role the "based on the person's arrest" language plays. Article 55.01(a)(2)(A)(i)(a) allows arrest records for an uncharged offense to be expunged if "at least 180 days have elapsed *from the date of arrest if the arrest for which the expunction was sought was for an offense* punishable as a Class C misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested."[70]

The italicized language is in all the subarticles under Article 55.01(a)(2)(A)(i) concerning non-presented charging instruments for misdemeanor and felony offenses. This language ties an arrest to the offense for which records are sought to be expunged and illustrates that the Legislature understood an expunction of an arrest under Article 55.01(a)(2)(A) to refer to that offense. The

---

[69] The dissent's argument that an offense-based interpretation of the proviso renders its misdemeanor language superfluous ignores that language's role in the context of the overall statute, which is to serve as a foil for the broader felony language.

[70] (Emphasis added.)

italicized language thus demonstrates that "based on the person's arrest" is tied to the specific offense whose records are sought to be expunged. Further, the italicized language parallels the "based on the person's arrest" language in subarticle (a)(2)(A), with both provisions allowing expunction of the misdemeanor offense records sought to be expunged.[71]

In sum, subarticles (a)(2) and (a)(2)(A) of Article 55.01 of the Texas Code of Criminal Procedure are offense-based provisions with regard to misdemeanors but arrest-based with respect to felonies. The statute expressly provides that misdemeanors and felonies are to be treated differently and uses materially different language depending on the severity of the offense. The State provides no explanation for why "a" would mean "any" or why the Legislature would employ different language with respect to misdemeanors and felonies if not to treat them differently. Reading "a misdemeanor" as "any misdemeanor," as the State urges, would not honor the precise language the Legislature enacted. The State is also incorrect in asserting that partial expunction is disallowed if a misdemeanor offense arose out of the same transaction as an inexpungable offense; rather, the Legislature reserved the broad "arising out of" transactional-relatedness standard for felonies. Finally, the State does not identify any statutory language supporting the contention that a plea bargain changes what the enacted language says. Accordingly, because R.P.G.P.'s DWI charge is a misdemeanor that meets the statutory requirements in both subarticles, the arrest records related to it are eligible for expunction.

---

[71] Subarticle (a)(2)(A)(i)(a)'s felony language is slightly different from subarticle (a)(2)(A)'s felony language. Subarticle (a)(2)(A)(i)(a) bars expunction of a misdemeanor whose charging instrument has not been presented if a felony arose out of the same transaction and the time period prescribed by subarticle (a)(2)(A)(i)(c) has not elapsed. In contrast, subarticle (a)(2)(A) allows a misdemeanor whose charging instrument has been presented to be expunged when a felony is part of the same transaction only if the felony meets the requirements of subarticle (a)(2)(A)(ii).

### iii. Partial Expunction Permitted

Today's dissenting opinion reaches the opposite conclusion by relying on policy concerns, by directly contradicting *T.S.N.*'s analytical underpinnings and express holdings, and by over-emphasizing isolated words without giving meaning to the statute's language as a whole. Most problematic, the dissent relies on several arguments we found unpersuasive or expressly rejected in *T.S.N.*, namely that (1) the presence of the word "arrest" in the applicable expunction provision trumps other statutory language providing "the offense" as the appropriate unit of measurement for expunction;[72] (2) this Court should defer to the construction intermediate appellate courts have placed on the statute;[73] (3) prefatory language making expunction applicable to "all records and files relating to the arrest" renders the statute's overall structure arrest-based for multiple charges and precludes partial expunctions on an offense basis;[74] (4) an offense-based construction is not appropriate because effecting partial expunctions through redaction would prove problematic for state agencies;[75] and (5) an arrest for multiple offenses is a "single arrest"

---

[72] *Compare post* at 4-5, *with State v. T.S.N.*, 547 S.W.3d 617, 621, 623 (Tex. 2018).

[73] *Compare post* at 10, *with T.S.N.*, 547 S.W.3d at 622-23.

[74] *Compare post* at 10 ("The object of the statute is the expunction of '*all* records and files relating to *the* arrest,' not some records."), *with T.S.N.*, 547 S.W.3d at 621-24 (holding that the petitioner was entitled "to expunction of all records and files relating to her arrest [for the expungable offense]" notwithstanding her contemporaneous arrest for an offense ineligible for expunction and noting that "all records relating to the arrest" as to individual offenses under the same arrest can be effectuated through partial redaction of documents).

[75] *Compare post* at 10-11 ("Not only does the statute demand it, these courts [of appeals] practically understand that 'partial, content-based removal or redaction of arrest files is not contemplated or sufficient,' and 'would lead to potentially serious problems for law-enforcement personnel.'" (citations omitted)), *with T.S.N.*, 547 S.W.3d at 624 ("We recognize that there are practical difficulties posed by partial expunctions and redactions. But given the Legislature's demonstrated acceptance of selective redaction and expunction of records as valid remedial actions, the arguments of the State and DPS do not convince us." (citations omitted)).

as opposed to multiple arrests that correspond to each individual offense.[76] While it is true that *T.S.N.* involved a different expunction ground, our analysis encompassed and rejected structural arguments the dissent now embraces. At bottom, the dissent's statutory construction analysis is mainly driven by a refusal to accept that partial redaction of arrest records is permitted under the expunction statute.[77] But we settled that matter in *T.S.N.* without limiting our analysis to the specific ground for expunction at issue there,[78] and the Legislature has accepted it.[79]

Equally troubling, the dissent offers little more than fiat in asserting that R.P.G.P.'s possession charge was "based on" his DWI arrest. Under the dissent's construction of the statute, whether one misdemeanor offense is "based on" the arrest for another misdemeanor offense is the lynchpin to obtaining expunction. Yet the dissenting opinion does not articulate any standard for making that determination, identifies no authority for whatever standard is being applied, and fails

---

[76] *Compare post* at 6 ("When a search conducted pursuant to the investigation of one offense leads to the charging of the second offense, culminating in a single arrest, the offenses are 'based on' the same arrest."), *with T.S.N.*, 547 S.W.3d at 621 ("[T]he statute provides that one arrest for multiple offenses equates to multiple arrests for the offenses, *each arrest tied to its own individual offense*." (emphasis added)).

[77] *Post* at 2, 6, 10-11.

[78] *Compare* 547 S.W.3d at 624 (relying on Article 55.02, which does not distinguish between expunction grounds under Article 55.01 in addressing legislative intent with regard to "the practical difficulties posed by partial expunctions and redactions" generally), *with post* at 11 ("Though we discounted in *T.S.N.* the record-keeping difficulties with partial redactions[,] . . . [w]e should not discount them and disregard the Legislature's express treatment of multiple offenses based on the same arrest in a different portion of the statute."). Partial expunctions and redactions would, of necessity, involve multiple offenses based on the same arrest, so the dissent's attempt to distinguish *T.S.N.* as involving a different expunction ground is insupportable and also refuted by *T.S.N.*'s structural analysis of the statute. Similarly misplaced are the dissent's fears that partial expunction would mean that "[a]n officer investigating suspicious activity will not be forewarned of the defendant's past criminal history." *Post* at 11. That is inaccurate because partial expunction means arrest records would remain intact for offenses the Legislature determined to be ineligible for expunction. And as for dismissed, and often unadjudicated, offenses that *are* eligible for expunction, the Legislature has already determined that such criminal history would not be disclosed. The dissent fails to explain how *partial* expunction of arrest records as to eligible offenses results in law enforcement officers being *less* forewarned of past criminal history than they would be with *total* expunction of arrest records, which the dissent asserts is the statutory standard. *See post* at 10 ("The object of the statute is the expunction of '*all* records and files relating to *the* arrest,' not *some* records.").

[79] *See supra* note 59.

22

to cite evidence linking R.P.G.P.'s two offenses to one another except for the bare fact that arrest for one led the police to discover the other. Rather than articulating a standard, the dissent simply declares that "offenses are 'based on' the same arrest" "[w]hen a search conducted pursuant to the investigation of one offense leads to the charging of the second offense, culminating in a single arrest."[80] That is, the dissent would create an extra-statutory presumption that "a single detention resulting in two offenses [necessarily] meets the definition" if "petitioner has offered no contrary explanation."[81] So while the dissent refuses to explain what it means for a distinct offense to be "based on" an arrest for another offense, the dissent nonetheless pins the responsibility on petitioners for proving the nonexistence of those circumstances. How are petitioners to meet the burden the dissent would place on them without knowing what facts they would have to negate? The dissent's circular tautology provides no answer.

Further, by treating an arrest for multiple distinct offenses as a "single arrest" without regard to actual relatedness of those offenses, the dissent directly repudiates our holding in *T.S.N.* that "the statute provides that one arrest for multiple offenses equates to multiple arrests for the offenses, *each arrest tied to its own individual offense*."[82] Under the dissent's tenuous definition of "based on the arrest," wholly unconnected and unrelated offenses, like those in *T.S.N.*,[83] would

---

[80] *Post* at 6.

[81] *Id.* at 6 n.12.

[82] *T.S.N.*, 547 S.W.3d at 621 (emphasis added).

[83] *Id.* at 618.

23

be ineligible for expunction if the individual arrests happen to occur contemporaneously.[84]  And while a possession offense certainly could be connected to an intoxication offense, mere temporal proximity of an arrest for those distinct offenses does not make it necessarily so.  Here, for example, the record reflects R.P.G.P. was charged with alcohol intoxication, not marijuana intoxication.

The expunction statute is linguistically complex and presents a statutory construction challenge that courts at all levels have grappled with, but that is all the more reason to stick to the statute's language wherever it leads and adhere to principles our precedents have established rather than relying on extrinsic constructs to advance presumed policy objectives.

### III. Conclusion

The court of appeals erred in holding that R.P.G.P.'s DWI arrest records are not eligible for expunction under Article 55.01(a)(2).  We therefore reverse the court of appeals' judgment and

---

[84] As we observed in *T.S.N.*, a single arrest may, and commonly does, involve multiple distinct offenses with varying degrees of relatedness between them.  The dissent's oversimplified definition of "based on" would sweep so broadly as to preclude expunction of arrest records for offenses that bear absolutely no relation to one another other than the fortuity of contemporaneous arrest.  *T.S.N.*, for example, involved an arrest for unrelated theft-by-check and assault offenses.  Incident to arresting T.S.N. for assault, the law enforcement officer uncovered an outstanding arrest warrant for theft.  In the words of the today's dissenting opinion, investigation and arrest for one offense led to T.S.N.'s being arrested for the other.  Though there was a single arrest that relied on the same arrest report—facts the dissent argues preclude partial expunction here, *see post* at 2, 6, 10—we concluded that the single arrest equated to separate arrests for each offense and partial expunction was required.  *T.S.N.*, 547 S.W.3d at 621.  T.S.N. had already been charged with theft-by-check, so a charge for that offense did not follow the arrest.  *See post* at 6 (stating an offense is "based on the arrest" when investigation of a different offense "leads to [] charging" the petitioner for that offense).  But by focusing on that factual distinction, the dissent misses the point, which is that unrelated offenses may culminate in a single arrest.  An expunction petitioner could be arrested contemporaneously for unrelated offenses without a prior arrest warrant, and even if an arrest warrant has been issued, formal charges will not necessarily precede the warrant's issuance.  Although there were prior charges in *T.S.N.*, unlike here, the point is that a "single detention" could "result[] in two offenses" or "lead[] to" subsequent charges with respect to unrelated offenses, which in the dissent's view would make both offenses "based on the arrest" irrespective of their relatedness.  *See id.* at 6 & n.12.  Rather than explaining why that would not be the case, the dissent dodges the issue.  *See id.* at 6 n.12.

24

remand to the trial court to grant R.P.G.P.'s petition and render an expunction order with regard to the DWI arrest records.

                                                        _____

                                                       Eva M. Guzman
                                                       Justice

**OPINION DELIVERED:** May 14, 2021